**MAZINSKI et al. v. DIGHT.**

Civ. A. No. 8342.

United States District Court
W. D. Pennsylvania.

July 2, 1951.

George F. P. Langfitt, Pittsburgh, Pa., for plaintiff.

John V. Wherry, Grove City, Pa., John L. Miller, of Duff, Scott & Smith, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

This matter relates to defendant's motion for a change of venue from the Western District of Pennsylvania to the Middle District of Tennessee, Nashville Division, based upon the doctrine of forum non conveniens, 28 U.S.C.A. § 1404(a).

It is an action based on negligence.

The claims arise out of a two-car collision on June 15, 1949, in the State of Tennessee. Ernest Mazinski, the driver of one car, was killed. The plaintiff, Lily Eva Mazinski, sues as his widow on behalf of herself and minor son under the death statutes of Tennessee. Lily Eva Mazinski and Adele Blau also sue for their own injuries. The plaintiffs are aliens, being citizens of Poland, residing and domiciled in the State of New York. The defendant is the Pennsylvania executrix of Mark W. Graham, the driver of the other car involved. Graham died on June 27, 1949, shortly after the accident.

Subsequent to the suit filed by plaintiffs in the District Court for the Western District of Pennsylvania, defendant, executrix of the estate of Mark W. Graham, filed suit against the estate of Ernest Mazinski, whose widow is a party plaintiff to this suit, in the United States District Court for the Middle District of Tennessee, Nashville Division. Likewise, Ida P. Graham, the wife of deceased, has commenced an action against the estate of Ernest Mazinski in that court.

The doctrine of forum non conveniens presupposes at least two forums in which the defendant is amenable to process and furnishes criteria for choice between them. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506, 67 S.Ct. 839, 91 L.Ed. 1055. There is no doubt that this court has jurisdiction and that venue exists. In the case of a live nonresident motorist, the Tennessee local courts and the United States District Courts sitting in Tennessee would have had jurisdiction. Service made pursuant to the Tennessee Nonresident Motorist Act would have given full personal jurisdiction. Under the terms of the Tennessee Nonresident Motorist Act, as amended in 1949, Williams' Code, § 8671, a procedure is available for service on foreign personal representatives of a nonresident motorist who died either before or after the institution of process. I am likewise convinced that the venue and jurisdiction of the District Court in Tennessee would be proper.

The issue raised resolves itself into the question whether for the convenience of the parties and in the interest of justice, do the circumstances of this case justify this court in transferring the action to the United States District Court for the Middle District of Tennessee, Nashville Division?

Defendant contends: (1) that a trial of this case in Pennsylvania would result in considerable inconvenience, necessitating her bringing witnesses from Tennessee; (2) that a viewing of the premises would

194

be helpful to the jury in reaching its decision; (3) that in event of such transfer, it would be possible to consolidate defendant's action with that of plaintiffs and thus dispose of the separate actions in a single trial.

In passing upon the question as to whether the doctrine should be applied, the important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; cost of obtaining attendance of willing witnesses; possibility of view of the premises if found to be appropriate to the action, and all other practical problems that might make trial of a case thorough, expeditious and inexpensive. The plaintiff may not, by choice of an inconvenient forum, vex, harass or oppress the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. Gulf Oil Corp. v. Gilbert, supra.

The court will weigh relevant advantages and obstacles to a fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue the remedy. However, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Dainow, The Inappropriate Forum, 29 Ill.L.Rev. 867; Blair, The Doctrine of Forum Non Conveniens in Anglo American Law, 29 Col.L.Rev. 1; Gulf Oil Corp. v. Gilbert, supra.

The doctrine of forum non conveniens requires the moving party to show a great deal more than merely that it would be more convenient to try the case in a different jurisdiction, but there must be a showing that the inconvenience amounts to actual hardship. The doctrine is an instrument of justice. Williams v. Green Bay & W. R. Co., 326 U.S. 549, 554, 66 S.Ct. 284, 90 L.Ed. 311; Naughton v. Pennsylvania R. Co., D.C., 85 F.Supp. 761.

Of course, it would serve the convenience of this court and of other litigants with pending causes to transfer the action to some other less burdened district. No district court may, however, order such a transfer only to serve its personal convenience. Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., D.C., 88 F. Supp. 863.

In this case, the matter of transportation of parties and witnesses can furnish no great problem to the defendant. The added distance which plaintiffs would be required to travel from New York to Tennessee as compared to their travelling distance from New York to Pittsburgh, would impose a burden upon plaintiffs equivalent to or possibly greater than the convenience which defendant might gain in use of its witnesses now residing in Tennessee.

In connection with a view of the premises, I do not believe that a view would be of any practical value or assistance. This court has tried innumerable negligence cases, and it is the rare and unusual circumstance that such viewing is required. The introduction of photographs into evidence is generally sufficient to acquaint the jury with the locale of the accident.

Defendant in no way has alleged any special or unusual physical manifestations of the place of accident which would justify such viewing.

The fact that these cross-suits might be consolidated if transferred to Tennessee, would not in itself justify a transfer, especially in light of the fact that one of the plaintiffs involves a guest of the deceased driver.

In balancing equities, the plaintiff guest, a resident of New York, should not be required to undergo added inconvenience and assume additional burdens in conducting her case in Tennessee. She alleges serious injuries, and undoubtedly, intends to present numerous witnesses to support her claims who do not reside in Tennessee.

Furthermore, neither by Act of Congress nor the Federal Rules of Civil Procedure, 28 U.S.C.A., would a transferee court be required to advance any case upon its docket. Whether such case would be advanced is purely discretionary with the transferee court. Since the doctrine of forum non conveniens is an instrument of

justice, courts should be slow to apply it when justice might be delayed.

 In considering the equities, I do not believe the scales of justice are balanced in favor of the defendant, and the plaintiffs' choice of forum should not be disturbed. The choice of forum by the plaintiffs is not vexatious or oppressive to the defendant, and will cause the defendant no greater inconvenience than that caused the plaintiffs.

The motion for change of venue is refused. An appropriate order is entered.