**HESS OIL VIRGIN ISLANDS CORP., a United States Virgin Islands Corporation, Federal Insurance Company, a New Jersey Corporation, and Insurance Company of North America, a Pennsylvania Corporation, Plaintiffs,**

v.

**UOP, INC., a Delaware Corporation, Word Industries Pipe Fabricating, Inc., an Oklahoma Corporation, and Fisher Controls Company, a subsidiary of Monsanto Corporation, a Delaware Corporation, Defendants,**

v.

**The LITWIN CORPORATION, a corporation, Third-Party Defendant.**

No. 75–C–383–C.

United States District Court, N. D. Oklahoma.

March 20, 1978.

---

John J. Witous, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., Alfred B. Knight, Dan Wagner, Tulsa, Okl., Douglas L. Inhofe, John S. Athens, Tulsa, Okl., for plaintiffs. John Tucker, Tulsa, Okl., for Litwin. Douglas E. Friedman, Woodbridge, N. J., for Hess.

Richard Carpenter, Tulsa, Okl., for Fisher Cont.

Dale F. McDaniel, John Osmond, Tulsa, Okl., John J. Costanzo, Arthur D. Deckelman, Los Angeles, Cal., Joseph C. Mason, Jr., Des Plaines, Ill., for UOP.

## ORDER

COOK, District Judge.

The Court has before it for consideration the motion of the plaintiffs to transfer this action to the United States District Court for the District of the Virgin Islands, pursuant to 28 U.S.C. § 1404(a). This action was brought to recover damages allegedly resulting from an explosion which occurred at an oil refinery owned by plaintiff Hess Oil Virgin Islands Corp. (HOVIC) and located in St. Croix, U. S. Virgin Islands. Plaintiffs contend that the suit was filed in this judicial district simply because one of the defendants, Word Industries Pipe Fabricating, Inc. (Word), was subject to suit only in this district. Word has now settled with the plaintiffs, and all claims against it have been dismissed. Plaintiffs argue that the Virgin Islands was always the most appropriate forum in which to litigate this case and that because the only obstacle to suit in that territory has now been removed, the action should now be transferred to that more appropriate forum. Both of the remaining defendants oppose the transfer.

■ Title 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

For a transferee district to be one where an action "might have been brought", venue must properly lie there, and the court must have *in personam* jurisdiction over all parties. *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Foster-Milburn Co. v. Knight*, 181 F.2d 949 (2nd Cir.1950). The venue statute applicable to this action is 28 U.S.C. § 1391(a), which provides in pertinent part:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."

Because the claim in this case arose in the Virgin Islands, venue would clearly be proper in that judicial district. Plaintiffs concede that they could not have obtained *in personam* jurisdiction over Word in the Virgin Islands but contend that such jurisdic-

tion could have been obtained there over defendants UOP, Inc. (UOP) and Fisher Controls Company (Fisher). While Fisher has not conceded that point, both defendants rely primarily on the case of *Hoffman v. Blaski, supra,* in arguing that because suit could not originally have been brought against Word in the Virgin Islands, that district does not qualify as one where this action "might have been brought", and, consequently, this Court is without authority to transfer the case as it now stands. The Court finds the defendants' argument unpersuasive. *Hoffman v. Blaski, supra,* involved two cases in which defendants over which the transferee courts did not have *in personam* jurisdiction consented to the transfers and waived objections to venue. The district courts transferred the actions pursuant to 28 U.S.C. § 1404(a). The United States Supreme Court held that the power to transfer the actions could not be predicated upon the consent of the defendants and that a transferee district must be one where the suit "might have been brought" independently of the wishes of the defendants. In the instant case, the Virgin Islands is a district where this action "might have been brought" as to all defendants now before the Court. It is not uncommon, in suits involving multiple defendants, for courts to sever the claims against defendants as to whom a transfer is proper and to transfer the action as to those defendants, while retaining the claims against defendants over whom the transferee court lacks *in personam* jurisdiction or whose joinder in the transferee court would destroy venue. *Wyndham Associates v. Bintliff,* 398 F.2d 614 (2nd Cir.1968). *See also* 15 Wright, Miller & Cooper, *Federal Practice & Procedure* § 3845 and cases cited therein. Consequently, the Court does not believe that the *Hoffman* doctrine prevents a transfer under the circumstances of this case, and for the purpose of ruling on plaintiffs' motion, the Court will assume that it has the power to transfer this action to the Virgin Islands.

█ Plaintiffs, as well as defendants, can move for a transfer pursuant to 28 U.S.C. § 1404(a). *United States v. Berkowitz,* 328 F.2d 358 (3rd Cir.1964); *Philip Carey Manufacturing Company v. Taylor,* 286 F.2d 782 (6th Cir.1961), cert. denied 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961). The burden is upon the moving party to establish that the action should be transferred, and that party must generally demonstrate that the balance is strongly in its favor. *Wm. A. Smith Contracting Co., Inc. v. Travelers Indemnity Company,* 467 F.2d 662 (10th Cir.1972); *Texas Gulf Sulphur Company v. Ritter,* 371 F.2d 145 (10th Cir. 1967). Under the circumstances of this case, plaintiffs' burden may be somewhat diminished, *see* 15 Wright, Miller & Cooper, *Federal Practice & Procedure* § 3848, f.n. 30 at p. 251, but it remains their duty to establish that a transfer is warranted. Transfer is not appropriate if it would merely shift inconvenience from one party to another. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Residex Corporation v. Farrow,* 374 F.Supp. 715 (E.D.Penn.1974).

█ In their motion and accompanying affidavits, plaintiffs list several factors which they contend are sufficient to justify a transfer of this action to the Virgin Island. Plaintiffs seem to rely primarily upon the inconvenience to witnesses. They contend that "[m]any key witnesses are located in the Virgin Islands and there are certainly more witnesses from that jurisdiction than any other single District of the United States." To support this claim, plaintiffs rely upon an affidavit which lists some thirty-five persons who reside in the Virgin Islands and who have been deposed by the defendants. However, the number of prospective witnesses is unpersuasive unless the Court can ascertain which of them will be called and the materiality and importance of their anticipated testimony. *Chicago, Rock Island & Pacific Railroad Company v. Hugh Breeding, Inc.,* 232 F.2d 584 (10th Cir.1956); *Clay v. Overseas Carrier Corp.* 61 F.R.D. 325 (E.D.Penn.1973); *Thomson & McKinnon v. Minyard,* 291 F.Supp. 573 (S.D.N.Y.1968). Plaintiffs have described in a general way the substance of each witness' deposition testimony. Many

of the descriptions are identical and all are substantially similar. It seems unlikely that all of those persons would be called to testify at trial, and no attempt is made to indicate which persons would in fact be called as witnesses, how their testimony would be material and important, or why their testimony could not be presented in the form of a deposition. Plaintiffs also allege that the attendance of many of the potential witnesses at a trial in this judicial district would require special permission from the United States Department of Immigration, and further allege that many witnesses from the Virgin Islands speak with an accent which could make their testimony difficult for an Oklahoma jury to understand. However, neither the identity of these potential witnesses nor the materiality of their testimony is revealed to the Court. Plaintiffs have failed to sustain their burden of demonstrating that this action should be transferred for the convenience of witnesses.

Plaintiffs contend that "[t]here can be no doubt that a full appreciation of the process unit in question cannot be had without a physical view of the scene." While the necessity for a view of the premises is a factor to be considered, *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Koeneke v. Greyhound Lines, Inc.,* 289 F.Supp. 487 (W.D.Okl.1968), it is only under unusual circumstances that a jury view is required, *Mazinski v. Dight,* 99 F.Supp. 192 (W.D.Penn.1951), and plaintiffs have not provided the Court with facts sufficient to indicate that in this case a view will be necessary to the ends of justice. *Marbury-Pattillo Construction Company, Inc., v. Bayside Warehouse Company,* 490 F.2d 155 (5th Cir.1974).

Plaintiffs refer to this Court's heavy trial docket, apparently contending that the trial of this case could take place at an earlier date in the Virgin Islands. Relative congestion of court dockets is a factor which is sometimes considered in ruling on a motion to transfer. *Solomon v. Continental American Life Insurance Company,* 472 F.2d 1043 (3rd Cir.1973); *Residex Corporation v. Farrow, supra.* This case was originally set for trial on May 15, 1978 and was stricken from that calendar after the parties advised the Court that an additional six months of discovery was necessary to prepare for trial. The trial is now set for January 8, 1979. For the year ending June 30, 1977, the Virgin Islands District Court had 670 pending cases per judge and a median time from issue to civil trial of seventeen months, while the Northern District of Oklahoma had 392 pending cases per judge and a median time from issue to civil trial of seven months. Administrative Office of the United States Courts, Management Statistics for the United States Courts (November, 1977). Consequently, it appears likely that a transfer of this case to the Virgin Islands would further delay the trial of this case.

Finally, plaintiffs contend that this action should be transferred because the accident occurred in the Virgin Islands, none of the parties has any substantial connection with this judicial district, and the law of the Virgin Islands will control the substantive issues in the case. These are factors of public interest which can be considered, *Gulf Oil Corp. v. Gilbert, supra* ; but, as a general rule, little weight is attached to the fact that foreign law controls the disposition of the case. *Artisan Development v. Mountain States Development Corporation,* 402 F.Supp. 1312 (S.D. Ohio, 1975); *Atlantic Richfield Co. v. Stearns-Roger, Inc.,* 379 F.Supp. 869 (E.D.Penn.1974). While access to the law of the Virgin Islands may be more limited than access to the law of other American jurisdictions, these public interest factors, standing alone, do not justify a transfer of this action. On the basis of all the facts before the Court at this time, the Court finds that plaintiffs have not sustained their burden of establishing that either the convenience of the parties and witnesses or the interests of justice requires this case to be transferred to the Virgin Islands.

For the foregoing reasons, plaintiffs' motion to transfer is hereby overruled.

It is so Ordered this 17th day of March, 1978.