Lisa BUSCH, a minor, by her parents and natural guardians, Dianne M. Busch and Edward J. Busch, and Dianne M. Busch and Edward J. Busch, in their own right, Plaintiffs,

v.

SEA WORLD OF OHIO, Defendant.

Civ. A. No. 82–0339.

United States District Court,
W. D. Pennsylvania.

June 7, 1982.

R. Kenneth Willman, Pittsburgh, Pa., for plaintiffs.

Louis Anstandig, Egler & Reinstadtler, Pittsburgh, Pa., William P. Farrall, Reminger & Reminger Co., L. P. A., Cleveland, Ohio, for defendant.

## OPINION

MARSH, District Judge.

This case has come before this court on a complaint filed by the parents of Lisa Busch, a minor, on her behalf and in their own right. The complaint alleges the minor plaintiff was injured at an amusement known as "Captain Kidd's World" at the defendant's amusement park in Aurora, Ohio. The plaintiffs have alleged diversity of citizenship, various injuries to the minor plaintiff, and damages in excess of $10,000.

The incident, from which this case arises, occurred on July 5, 1980. The minor plaintiff at that time was approximately three (3) years old.

The defendant, Sea World of Ohio, a corporation, has answered plaintiffs' complaint and denied liability, the jurisdictional amount, and the personal jurisdiction of this court. The defendant has made a motion pursuant to 28 U.S.C. § 1404(a)[1] for a change of venue from the United States

District Court for the Western District of Pennsylvania to the United States District Court for the Northern District of Ohio, Eastern Division.

The plaintiffs are individual citizens of the Commonwealth of Pennsylvania, residing at 1709 St. James Place, Wexford, Pennsylvania. The defendant, Sea World of Ohio, is a corporation with its principal place of business in Aurora, Ohio. As such the requirement of complete diversity of parties is met and this court has jurisdiction to hear the case. 28 U.S.C. § 1332(a)(1).

The defendant corporation challenges this court's personal jurisdiction over it claiming (1) that it does not transact any business in Pennsylvania; (2) that it has no minimum contacts with Pennsylvania; and, (3) that the injury to the minor plaintiff did not arise out of any of defendant's conduct within Pennsylvania.

Defendant's amusement park, "Sea World," is the type of amusement park that developed in the 1970's and is commonly called a "regional theme park." This type of amusement park is based on a certain idea or motif, and located in an area that is accessible by patrons from a region of the United States, normally two or more states. This is unlike the local amusement park which draws its customers from a limited geographical area, usually surrounding towns. As such, the defendant advertised extensively in the states adjacent to Eastern Ohio, including Pennsylvania.

This court is bound by state law governing personal jurisdiction. The basis of personal jurisdiction in Pennsylvania over persons outside Pennsylvania, as "Sea World," is governed by 42 Pa.C.S.A. § 5322. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). 42 Pa.C.S.A. § 5322 provides as follows:

"(a) ... A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... who acts directly or by an agent, as to a cause of action or other matter arising from such person:

---

**1.** 28 U.S.C. § 1404 Change of Venue

"(a) For the convenience of parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it might have been brought."

"(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

"(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit . . . .

"(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit . . . ."

By its nature a "regional theme park" must draw patrons from an area larger than its local geographic area. In order to make potential patrons aware of the park, advertisements must be utilized. At the hearing on this motion to transfer venue, the plaintiffs introduced into evidence various examples of the extensive advertising used by the defendant in the Pittsburgh, Pennsylvania area. This evidence included:

1. A shopping bag from the Giant Eagle Super Market located in the Pine Creek Plaza, Wexford, Pennsylvania, North Hills suburban Pittsburgh, containing four (4) "$1.50 discount coupon" to "Sea World, Aurora, Ohio." This shopping bag is headed by large print stating: "SAVE $1.50 per person AT SEA WORLD . . . ." (See Appendix, plaintiffs' Exhibit P–1.)

2. An affidavit of Judith A. Wallace, Supervisor of the Pittsburgh Region Retail Marketing Office of ARCO Petroleum Products Company and a coupon reading in part "SEA WORLD . . . SAVE $1.50 . . . courtesy of your . . . ARCO . . . dealer," and various Sea World advertisements.

3. Various advertisements for Sea World from *The Pittsburgh Press.*

4. Newspaper advertisements for Giant Eagle Markets which included advertisements for Sea World coupons.

5. Invoices of Giant Eagle Markets for newspaper and radio advertising to Sea World, for the years 1979 and 1980 (the year in which the incident giving rise to this case arose) in the amount of $124,765.10.

6. Testimony of Mr. Jack Heyl, Travel Resort coordinator for *The Pittsburgh Press* that for the year 1979 the account for Sea World for daily linage for advertisements in *The Pittsburgh Press* and the *Pittsburgh Post-Gazette* totaled 8329 and for the Sunday editions of *The Pittsburgh Press,* the linage was 5673. For the year 1980, 2835 lines appeared in *The Pittsburgh Press.*

7. Testimony of Mr. Louis Sappowitz of the Pittsburgh television station WPXI that Sea World advertised over WPXI television in Pennsylvania during the summer of 1980. The defendant stipulated to this.

8. Testimony of Mr. Eric Zwarg, controller of KDKA, a member of Group W and a Pittsburgh radio and television broadcasting facility, was as follows:

Defendant, paid KDKA $49,000 for television advertising in 1979; defendant paid KDKA $29,000 for radio advertising in 1979; and defendant paid KDKA $48,000 for television advertising in 1980.

From this evidence, the court concludes that the defendant has spent a large amount of money in the Pittsburgh, Pennsylvania area for advertising in order to attract patrons from Pennsylvania. As such the defendant certainly availed itself of the privilege of acting within Pennsylvania. *Hart v. McCollum,* 249 Pa.Super. 267, 376 A.2d 644, 647–648 (1977). Whether this was done directly or by an advertising agency, the purpose of the advertising was obviously to make the citizens of Pennsylvania aware of the facilities of the defendant, *Hart, supra,* thereby "realizing pecuniary benefit,"[2] from the citizens of Pennsylvania.

**2.** 42 Pa.C.S.A. § 5322(a)(1)(i) and (ii).

These advertisements by the defendant "had a 'realistic impact' in this forum" and the defendant " 'should have reasonably foreseen that the transaction would have consequences' in Pennsylvania." *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 382–383 (6th Cir. 1968) cited in *Hart v. McCollum,* 249 Pa.Super. 267, 376 A.2d 644, 648 (1977). The court takes judicial notice that subsequent to the argument heard on this issue, the defendant began advertising "on an almost continual daily basis," *Hart, supra,* 376 A.2d at p. 646, extensively in Pennsylvania and particularly in the Pittsburgh area by means of newspapers, radio, and television. "These contacts are meaningful and substantial." *Hart, supra,* 376 A.2d at 648.

The plaintiffs in this action made use of coupons obtained from Giant Eagle shopping bags for a discount on the admission price at defendant's amusement park on the day the minor plaintiff was injured. Although it cannot be said the advertising injured the minor plaintiff, her injuries did arise from defendant's activities, namely, advertising extensively in Pennsylvania. 42 Pa.C.S.A. § 5322. Cf. *Hart v. McCollum,* 249 Pa.Super. 267, 376 A.2d 644 (1977).

The "minimum contacts" requirement of *Internat. Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), have been met by the defendant's purposeful and extensive advertising throughout Western Pennsylvania. See *Garfield v. Homowack Lodge, Inc.,* 249 Pa.Super. 392, 378 A.2d 351 (1977). This court finds that the extensive advertising campaign—in the Pittsburgh area of Pennsylvania alone—is a basis for personal jurisdiction over the defendant, Sea World of Ohio, under the provisions of 42 Pa.C.S.A. § 5322.

The plaintiffs reside within the Western District of Pennsylvania. The corporate defendant is located in the Northern District of Ohio. Plaintiffs chose this forum and " . . . a plaintiff's choice of venue is entitled to substantial consideration." *First Nat. City Bank v. Nanz, Inc.,* 437 F.Supp. 184, 188 (S.D.N.Y.1975). The plaintiffs chose this forum and "[i]n evaluating a § 1404(a) motion, the plaintiff's choice of a proper forum is entitled to 'paramount consideration,' and the moving party must show that a balancing of interests weighs heavily in favor of transfer." *Stop-A-Flat Corp. v. Electra Start of Michigan,* 507 F.Supp. 647 at 652 (E.D.Pa.1981) (citation omitted). See also, *Akers v. Norfolk & Western Railway Company,* 378 F.2d 78, 80 (4th Cir. 1967); *A. Olinick & Sons v. Dempster Brothers, Inc.,* 365 F.2d 439 (2d Cir. 1966).

The burden of demonstrating that an action should be transferred is on Sea World of Ohio, the moving party. *Oudes v. Block,* 516 F.Supp. 13, 14 (D.D.C.1981); *Hess Oil Virgin Islands Corp. v. UOP, Inc.,* 447 F.Supp. 381 (N.D.Okl.1978). The moving party must show the "balancing of the interests weighs in favor of the transfer. Unless that balance weighs strongly in favor of the defendant, the plaintiffs' choice of forum should not be disturbed." *Lieb v. American Pac. Intern., Inc.,* 489 F.Supp. 690, 697 (E.D.Pa.1980). The moving party here has failed to tip that balance.

The defendant raises various reasons for transfer, including: (1) a jury view of "Captain Kidd's World" at Sea World is desirable; (2) the substantive law of Ohio will apply in this case; (3) there is a possibility of a third party action by defendant, Sea World, against the physicians who rendered emergency medical care to the minor plaintiff; and, (4) various unnamed defense witnesses are residents of Ohio and are not subject to the subpoena power of this court.

The majority of defendant's reasons for transfer are without merit. A jury view of the amusement is not necessary. The defendant can provide photographs or a video tape recording of the amusement known as "Captain Kidd's World." This

would reduce expenses and save time at trial. The circumstances here are *not* so unusual that a jury view is required. See *Mazinski v. Dight,* 99 F.Supp. 192 (W.D.Pa. 1951). In a § 1404(a) transfer the defendant's contention that a jury view the accident site is of little significance. *Vassallo v. Niedermeyer,* 495 F.Supp. 757, 760 (S.D. N.Y.1980).

■ The fact that the substantive law of Ohio applies to this case is also of little weight for granting a transfer. *Vassallo v. Niedermeyer, supra; Atlantic-Richfield Co. v. Stearns-Roger, Inc.,* 379 F.Supp. 869 (E.D.Pa.1974). There are no complex questions of foreign law in this case. This court has heretofore applied Ohio law in diversity cases. Furthermore, the able lawyers can readily apprise this court of current applicable Ohio law.

■ The possibility of a third party action by the defendant against physicians who rendered medical treatment to the minor plaintiff is an important consideration. *Vassallo v. Niedermeyer,* 495 F.Supp. 757, 761 (S.D.N.Y.1980). However, "[t]he question of the comparative convenience of the parties remains an equally important factor." *Prentice-Hall Corp. v. Ins. Co. of North America,* 81 F.R.D. 477, 481 (S.D.N. Y.1979). The minor plaintiff received the vast majority of her medical treatment in Pittsburgh. For the court to transfer this case to Ohio for the convenience of the defendant to bring a possible third party action there, certainly would inconvenience the plaintiffs.

■ The defendant wishes to call witnesses who reside in Ohio but outside the 100 mile radius for service of subpoenas provided for by Federal Rule of Civil Procedure 45(e). Transfer of this case to the Northern District of Ohio would be more convenient for the defendant and those wit-

nesses. Likewise, by transferring the case the inconvenience would be placed upon the plaintiffs. But there are important countervailing considerations of convenience to the plaintiffs. *Biggers v. Borden, Inc.,* 475 F.Supp. 333, 337 (E.D.Pa.1979). The plaintiffs live in Western Pennsylvania. The minor plaintiff received the vast majority of medical care in Western Pennsylvania and plaintiffs' witnesses are from Pennsylvania.

The defendant indicated at the hearing on its motion that witnesses to be called are residents of the Aurora, Ohio area. Other witnesses are no longer employees of Sea World, and, further, there was no indication defendant even knows where those persons may presently reside. Neither at the hearing nor in its briefs has the defendant indicated the names of the prospective witnesses or the materiality and importance of the anticipated testimony. *Hess Oil, supra,* at 383. "Defendants' non-party witnesses are not subject to compulsory process . . . and thus their depositions might have to be used, if they do not voluntarily appear for trial." *First Nat. City Bank, supra,* at 189. This factor is not controlling since the defendant has not indicated which witnesses will or will not appear voluntarily at the time of trial.[3]

"The simple assertion that the necessary witnesses probably reside in a certain forum does not justify the grant of a § 1404(a) motion." *Stop-A-Flat, supra,* at p. 652. "A mere showing of inconvenience to the defendant is not enough to warrant transfer where it would merely shift the expense and inconvenience to the other party." *Dangerfield v. Bachman Foods, Inc.,* 515 F.Supp. 1383, 1390 (D.N.D.1981).

■ The defendant may make use of depositions to preserve testimony for trial. Federal Rule of Civil Procedure 45(d)(1) provides:

"Proof of service of a notice to take a deposition as provided in Rules 30(b) and 31(a) constitutes a sufficient authoriza-

---

**3.** Cf. *Stop-A-Flat, supra,* at p. 652, where the court said:

"... while it may be true that most of the potential witnesses for this lawsuit reside in

that forum, the defendants have failed to identify even one of those witnesses."

tion for the issuance by the clerk of the district court for the district in which the deposition is to be taken of subpoenas for the persons named or described therein." The defendant can readily make use of this rule, with little if any inconvenience to itself or to the plaintiffs, to both prepare for trial and for trial purposes. No inconvenience to defendant's witnesses has been demonstrated since no defense witnesses have been named. Any inconvenience to such witnesses can be easily overcome by use of depositions. Taking all of the above factors into consideration, the requested transfer to the Northern District of Ohio would merely shift the inconvenience from the defendant to the plaintiffs. The motion of the defendant, Sea World of Ohio, for transfer of venue will be denied.

# A P P E N D I X

Plaintiffs' Exhibit P-1, admitted
into evidence at the hearing on the
Motion to Transfer held May 10, 1982

EXHIBIT
P-1

## SAVE $1.50 PER PERSON.
## AT SEA WORLD
## AND GEAUGA LAKE.

**Save $3 for every member of your family when you visit both parks or save $1.50 per person on admission to one park.**

### SEA WORLD.

features six live shows, 20 fantastic adventures and Cap'n Kid's World. Meet Shamu's new friends, "Fred," TV's famous Cockatoo, and "Wally" the performing walrus. Open daily from 9 a.m. to 9 p.m.

**VACATION INFLATION FIGHTER**

### Geauga Lake

features over 100 rides and attractions, including the dynamic Double Loop and the spiraling Corkscrew. Open Monday-Friday 11 a.m. to 10 p.m., Saturday & Sunday 10 a.m. to 10 p.m. Both Sea World and Geauga Lake are on Route 43 in Aurora, Ohio. From Pittsburgh take the Ohio Turnpike to Exit 13. Plenty of free parking at both parks. VISA and Master Charge accepted.

**$1.50 DISCOUNT COUPON**  A-876 C-877
SEA WORLD Aurora, Ohio
Adult — Gate Price $7.25 — Special Price $5.75
Child (4-12) — $5.50 — $4.00
Kids under 4 FREE
Includes admission plus all shows and exhibits. Coupon good for one adult or one child July 16 thru Sept. 9, 1979. Not valid with another offer.

**$1.50 DISCOUNT COUPON**  A-876 C-877
SEA WORLD Aurora, Ohio
Adult — Gate Price $7.25 — Special Price $5.75
Child (4-12) — $5.50 — $4.00
Kids under 4 FREE
Includes admission plus all shows and exhibits. Coupon good for one adult or one child July 16 thru Sept. 9, 1979. Not valid with another offer.

**$1.50 DISCOUNT COUPON**  A-876 C-877
SEA WORLD Aurora, Ohio
Adult — Gate Price $7.25 — Special Price $5.75
Child (4-12) — $5.50 — $4.00
Kids under 4 FREE
Includes admission plus all shows and exhibits. Coupon good for one adult or one child July 16 thru Sept. 9, 1979. Not valid with another offer.

**$1.50 DISCOUNT COUPON**  C-877
SEA WORLD Aurora, Ohio
Adult — Gate Price $7.25 — Special Price $5.75
Child (4-12) — $5.50 — $4.00
Kids under 4 FREE
Includes admission plus all shows and exhibits. Coupon good for one adult or one child July 16 thru Sept. 9, 1979. Not valid with another offer.

**$1.50 DISCOUNT COUPON**
Geauga Lake Aurora, Ohio
Gate Price...$6.95
Special Price...$5.45
Kids under 4 FREE
Includes admission plus all rides all day. Coupon good for one adult or one child July 16 thru Sept. 8 and Sept. 8 & 9, 15 & 16, 1979. Not valid with another offer.

**$1.50 DISCOUNT COUPON**
Geauga Lake Aurora, Ohio
Gate Price...$6.95
Special Price...$5.45
Kids under 4 FREE
Includes admission plus all rides all day. Coupon good for one adult or one child July 16 thru Sept. 8 and Sept. 8 & 9, 15 & 16, 1979. Not valid with another offer.

**$1.50 DISCOUNT COUPON**
Geauga Lake Aurora, Ohio
Gate Price...$6.95
Special Price...$5.45
Kids under 4 FREE
Includes admission plus all rides all day. Coupon good for one adult or one child July 16 thru Sept. 8 and Sept. 8 & 9, 15 & 16, 1979. Not valid with another offer.

**$1.50 DISCOUNT COUPON**
Geauga Lake Aurora, Ohio
Gate Price...$6.95
Special Price...$5.45
Kids under 4 FREE
Includes admission plus all rides all day. Coupon good for one adult or one child July 16 thru Sept. 8 and Sept. 8 & 9, 15 & 16, 1979. Not valid with another offer.

**GIANT EAGLE**