Ralph BARNES, Jr., Administrator of the Estate of Phyllis Ann Barnes, deceased, Plaintiff,

v.

Daniel L. BONIFACIO, Defendant.

Civ. No. 85–0132.

United States District Court, M.D. Pennsylvania.

March 28, 1985.

Thomas J. Sharkey, Ustynoski, Sharkey & Marusak, Hazleton, Pa., for plaintiff.

Cody H. Brooks, Henkelman, Kreder, O'Connell & Brooks, Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

This is a wrongful death/survival action filed by Ralph Barnes, Jr., Administrator of the Estate of Phyllis Ann Barnes (decedent) against Daniel L. Bonifacio. The complaint alleges that the decedent was a passenger in Defendant's automobile traveling on U.S. Route 63 in Adair County, Missouri, when Defendant's automobile collided with another vehicle, thus resulting in the injury and death of decedent. The Plaintiff argues that the collision, injuries and death were caused by Defendant's careless, reckless and negligent operation of his automobile.

The pleadings before us indicate that the events giving rise to this cause of action occurred in the State of Missouri, the Defendant resides in the State of New Jersey and the Plaintiff is a resident of the Commonwealth of Pennsylvania. Plaintiff's jurisdictional claim is based on diversity.

Currently before the court is Defendant's motion to dismiss the complaint. The appropriate briefs have been filed and this matter is now ripe for our consideration.

The Defendant's motion to dismiss has been filed pursuant to Federal Rule of Civil Procedure 12(b)(2) and asserts that this Court does not have jurisdiction over the named Defendant.

In order for this Court to exercise *in personam* jurisdiction over a Defendant who is not present in the Commonwealth of Pennsylvania, the Plaintiff must demonstrate that Defendant has "minimum contacts" with the forum. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The "minimum contacts" thresholds at the point where the Defendant could expect to avail himself to the laws of the forum and must be such that he reasonable could anticipate being haled to the court of the forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

The Plaintiff contends that the Defendant met the decedent in Pennsylvania, had visited the decedent in Pennsylvania and had invited the decedent to travel to Missouri. Plaintiff argues that these activ-

ities meet the threshold of minimum contacts to make Defendant amenable to *in personam* jurisdiction in this forum. In light of the above-cited cases, we must disagree. The minimum contact must be such that the Defendant could expect to avail the courts of the forum. It appears that the contacts asserted were purely social and thus do not meet the minimum contact threshold.

Plaintiff also contends that the Defendant is amenable to the Pennsylvania long-arm statute as his actions have caused "harm" in Pennsylvania. Here too, we must disagree with Plaintiff's argument. In order for the Pennsylvania long-arm statute to come into play, an act or omission in a foreign forum must have a direct, first instance result of harm in Pennsylvania. *Rosen v. Solomon,* 374 F.Supp. 915 (1974). We find Plaintiff's attempt to bring extrapolated harm into the realm of the Pennsylvania long-arm statute to be erroneous.

At this point, it would appear that this Court is without *in personam* jurisdiction and it is within our power to grant Defendant's motion to dismiss. However, to do so would be travesty, as Plaintiff may now be barred from pursuit of his claim in another forum.

We feel that justice is best served if we deny Defendant's motion to dismiss and exercise our discretionary power by transferring this matter to a district court with *in personam* jurisdiction over the Defendant. In this way, Plaintiff may have his day in court and Defendant will be in a convenient forum that has jurisdiction over his person. This plan has been approved and employed in similar cases and we feel it is most judicious in nature. *Founds v. Shedaker,* 278 F.Supp. 32 (E.D.Pa.1968); *Schwilm v. Holbrook,* 661 F.2d 12 (3d Cir. 1981); *Junior Spice, Incorporated v. Turbotville Dress, Inc.,* 339 F.Supp. 1189 (E.D. Pa.1972), see *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).