Manuel VERISSIMO, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICES,
Respondent.

Civ. No. 01–262 (WHW).

United States District Court,
D. New Jersey.

June 14, 2002.

Manuel Verissimo, Jessup, MD, for Petitioner.

Robert J. Cleary, United States Attorney, Colette R. Buchanan, Assistant United States Attorney, Newark, NJ, for Respondent.

## OPINION

WALLS, District Judge.

Petitioner Manuel Verissimo ("Petitioner"), *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent, Immigration and Naturalization Services ("INS"), opposes the petition. This Court finds that it is not the proper venue, and transfers the petition to the District of Massachusetts.

## FACTS AND PROCEDURAL HISTORY

On October 20, 1998, Petitioner pled guilty to possession of a class A controlled substance with intent to distribute in violation of Massachusetts law. In exchange for his plea, Petitioner received a reduced sentence of one year.

Though Petitioner was born in Portugal, he has resided lawfully in the United States for the past 29 of his 31 years. His immediate family resides in the United States, including his 11 year old daughter. He neither reads nor writes Portuguese and has no known relatives in Portugal. According to Petitioner, he was not informed of the implications of a guilty plea on his standing as a Lawful Permanent Resident ("LPR").

### INS Proceedings

On January 29, 1999, the Immigration and Naturalization Service ("INS") issued a Notice to Appear in Removal Proceeding in violation of the Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii). An Immigration Judge ordered Petitioner's removal to Portugal on March 26, 1999. The Board of Immigration Appeals dismissed Petitioner's appeal of this decision on September 9, 1999.

Petitioner challenges the Order of Deportation on several grounds. First, he argues that he is entitled to relief under the provisions of INA § 212(h), 8 U.S.C. § 1182(h). Petitioner asserts that INA § 212(h) violates the Equal Protection Clause because it bars LPRs convicted of an "Aggravated Felony" from pursuing relief. Petitioner further contends that he is entitled to humanitarian relief under the International Covenant of Civil and Political Rights ("ICCPR") and Article 36 of the Vienna Convention because he was never informed of his right to contact his consul, the Consulate of Portugal, concerning his arrest and deportation proceedings.

### Federal Habeas Proceedings

In April of 2000, Petitioner filed this habeas corpus petition in the District of Massachusetts pursuant to 28 U.S.C. § 2241. After the petition was filed, INS transferred Petitioner to holding facilities in Pennsylvania, Rhode Island and New Jersey. Corresponding to each INS transfer, the respective district courts found that they lacked venue and transferred the action under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). Thus, the action that began in Massachusetts was transferred to the Eastern District of Pennsylvania, the Middle District of Pennsylvania, the District of Rhode Island, and finally to the District of New Jersey. On December 26, 2001, Petitioner notified the Court that INS transferred him yet again to a facility in Maryland and questioned whether the action would be transferred to a new district.

## DISCUSSION

■ An application for a writ of habeas corpus "may be filed in the district court for the district wherein such person is in custody or in the district court for the

district within which the State court was held which convicted and sentenced him...." 28 U.S.C. § 2241(d). Here Petitioner originally filed his claim in Massachusetts, where he was convicted, sentenced, and detained. After a series of transfers, the action reached this Court, in whose jurisdiction Petitioner was being detained. However, Petitioner was subsequently transferred to Maryland, at which time this Court was divested of its jurisdiction. This Court does not have venue over the petition because the original action, conviction and sentence did not occur in New Jersey, and Petitioner is no longer detained in New Jersey.

When venue is inappropriate, a court may transfer a habeas corpus petition to an appropriate district *sua sponte*. *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 813–14, 274 U.S.App. D.C. 398 (D.C.Cir.1988); *McCoy v. United States Board of Parole*, 537 F.2d 962, 965 (8th Cir.1976). Habeas corpus actions may be transferred to more convenient forums under either 28 U.S.C. § 1404[1] or 28 U.S.C. § 1406.[2] A federal court may transfer a matter under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses to any other district where it might have been brought. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493–94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Alternately, a court may transfer a matter under 28 U.S.C. § 1406 to a court with personal jurisdiction over the defendant and where venue is appropriate. *Wims v. Beach Terrace Motor Inn, Inc.*, 759 F.Supp. 264, 270 (E.D.Pa.1991); *Klugman v. Anderson, M.D.*, 1991 U.S. Dist. LEXIS 12216 at *7, 1991 WL 171392 at *2

(E.D.Pa.1991); *Barnes v. Bonifacio*, 605 F.Supp. 223, 225 (M.D.Pa.1985).

As example, an action may be transferred to the district in which the petitioner is currently being held, as the place of detainment may often be the most convenient forum to the parties. *McCoy*, 537 F.2d at 966; *Starnes v. McGuire*, 512 F.2d 918, 928 (D.C.Cir.1974). Alternately, a habeas corpus petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state. *Wilkins v. Erickson*, 484 F.2d 969, 972 (8th Cir.1973). Furthermore, if an action is brought in the district of confinement, a court may transfer it for convenience. *Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Thus, an action may be transferred to the district of sentencing and conviction. *See Braden*, 410 U.S. at 497, 93 S.Ct. 1123.

Here venue is established either in Massachusetts, where Petitioner was sentenced and convicted, or in Maryland, where Petitioner is currently detained. To determine which venue is proper in a habeas corpus petition, a court may analyze factors such as where the material events occurred, where the records and witnesses are located, and the convenience of forum for both parties. *Braden*, 410 U.S. at 493–94, 93 S.Ct. 1123. *See also Henderson v. Immigration and Naturalization Serv.*, 157 F.3d 106, 128 n. 25 (2d Cir.1998). The district in which sentencing and conviction occurred is favored because of the availability of evidence and witnesses. *See,*

---

**1.** 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

**2.** 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

*e.g., Knapp v. Romer,* 909 F.Supp. 810, 811 (D.Colo.1995). In the instant petition, original action occurred in Massachusetts and all records and witnesses are located there. Accordingly, Massachusetts appears to be a convenient forum for both Petitioner and Respondent. Furthermore, because INS appears to continuously transfer Petitioner to varying facilities along the East Coast, Massachusetts appears to be the only district in which venue would remain appropriate regardless of any future INS transfers.

### CONCLUSION

This Court finds that it is not the proper venue, and transfers the petition to the District of Massachusetts.