Deborah WIMS and Marvin Wims

v.

**BEACH TERRACE MOTOR INN, INC.**
**d/b/a Beach Terrace Motor Inn**

Civ. A. No. 90–5253.

United States District Court,
E.D. Pennsylvania.

March 19, 1991.

Barton A. Hertzbach, Hertzbach & Silverstein, Philadelphia, Pa., for plaintiffs.

Phillip B. Silverman, Harris & Silverman, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VANARTSDALEN, Senior District Judge.

Defendant, Beach Terrace Motor Inn, Inc. (Beach Terrace) has filed a motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Although I find that this court lacks personal jurisdiction over the defendant, I will deny the motion, and instead transfer this action to the United States District Court for the District of New Jersey, a district court that has personal jurisdiction over the defendant and in which this action could have been brought.

Plaintiffs are Pennsylvania citizens residing in Philadelphia. Beach Terrace is a New Jersey corporation which operates a motor inn in Wildwood, New Jersey. On or about August 12, 1988, plaintiff Deborah

Wims was allegedly injured while staying at the defendant's motor inn. The exact nature of the accident is unclear.[1] On July 10, 1990, the Wims brought this action in the Philadelphia County Court of Common Pleas. The action was removed to this court on August 13, 1990. Beach Terrace subsequently filed the instant motion to dismiss. Upon plaintiffs' request, I ordered that Beach Terrace's motion be held in abeyance for a period of sixty days pending discovery on the issue of jurisdiction. Memorandum and Order of December 5, 1990. The discovery period has expired, and both parties have now filed supplementary briefs on the issue of jurisdiction.

## DISCUSSION

Once a defendant has properly raised a jurisdictional defense, the plaintiff bears the burden of proving, either by sworn affidavits or other competent evidence, sufficient contacts with the forum state to establish personal jurisdiction. *North Penn Gas v. Corning Natural Gas*, 897 F.2d 687, 689 (3d Cir.) (per curiam), *cert. denied*, —— U.S. ——, 111 S.Ct. 133, 112 L.Ed.2d 101 (1990); *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (1984). Under the Rules of Civil Procedure, district courts are authorized to exercise personal jurisdiction over non-residents to the extent permissible under the law of the state in which the district court is located. Fed.R.Civ.P. 4(e); *North Penn Gas*, 897 F.2d at 689. In exercising personal jurisdiction, the court must first ascertain whether jurisdiction exists under the forum state's long-arm jurisdiction statute and then determine whether the exercise of jurisdiction "comports with" the due process clause of the Fourteenth Amendment to the Constitution. *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 489–90 (3d Cir. 1985). This inquiry has been collapsed in Pennsylvania, as the Pennsylvania long-arm statute provides that:

the jurisdiction of the Tribunals of this Commonwealth shall extend to all per-

1. The complaint alleges that as a result of a "dangerous and/or defective condition" on defendant's premises, Complaint at ¶ 7, "Deborah Wims was caused to be thrown violently about, thereby sustaining severe and debilitating personal injuries." *Id.* at ¶ 9.

sons who are not within the scope of section 5301 (relating to persons) to the fullest extent permitted by the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the constitution of the United States.

42 Pa.Cons.Stat.Ann. § 5322(b); *Van Buskirk* at 490. The reach of the Pennsylvania statute is thus "coextensive" with the due process clause. *North Penn Gas*, 897 F.2d at 690; *Time Share Vacation Club*, 735 F.2d at 63.

■ Personal jurisdiction may be either specific or general. Specific jurisdiction applies where the plaintiff's cause of action arises from the defendant's forum related activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2181–82, 85 L.Ed.2d 528 (1985); *North Penn Gas*, 897 F.2d at 690. "To establish specific jurisdiction a plaintiff must show that the defendant has minimum contacts with the state 'such that [the defendant] should reasonably anticipate being haled into court there.'" *North Penn Gas*, 897 F.2d at 690 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). In an appropriate case, even a single act by a non-resident defendant within the forum state may support jurisdiction. *Burger King Corp.*, 471 U.S. at 475, n. 18, 105 S.Ct. at 2184 n. 18. However, the contacts must not be "random, fortuitous or attenuated." *Id.* (citations omitted). The minimum contacts necessary for the exercise of specific jurisdiction must result from the defendant's purposeful actions within or directed toward the forum state. "Jurisdiction is proper ... where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum state." *Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. at 2183–84 (quoting *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957) (emphasis in original). Where the defendant has "manifestly ... availed himself of the privilege of conducting business [in the forum state] ... it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Id.* 471 U.S. at 476, 105 S.Ct. at 2184.

■ General jurisdiction is implicated where the claim arises from the defendant's non-forum related activities. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984); *Gehling v. St. George's School of Medicine*, 773 F.2d 539, 541 (3d Cir.1985). In such a case the plaintiff "must show significantly more than mere minimum contacts," *Provident National Bank v. California Federal Savings & Loan Association*, 819 F.2d 434, 437 (3d Cir.1987). To assert general jurisdiction, the plaintiff must establish that the defendant's contacts with the forum state were "continuous and substantial." *Id.; Gehling*, 773 F.2d at 541.

### Specific Jurisdiction

■ Plaintiffs argue that specific jurisdiction exists over Beach Terrace as a result of the mailing of approximately six thousand promotional brochures to prospective patrons by Beach Terrace. These brochures were mailed on a yearly basis to potential customers on "the whole eastern coast from Canada to Maryland, out to Ohio." Deposition of A. James Versaggi, General Manager of Beach Terrace Motor Inn at 27. There is evidence that 1,133 of these brochures were sent to Pennsylvania residents. Answer to Interrogatory 11. According to Deborah Wims, she learned of Beach Terrace's establishment through one of these promotional brochures which was mailed to her sister. Affidavit of Deborah Wims. She further alleges that as a result of reading the brochure, she contacted the defendant's establishment from her home in Philadelphia and made a reservation for her stay. *Id.*

The initial inquiry a court must make in deciding whether specific jurisdiction exists is whether the injury arose from the defendant's forum related activities. "In order for a Pennsylvania court to assert specific jurisdiction, the cause of action *must* arise out of the defendant's activities within the

Commonwealth." *Skinner v. Flymo, Inc.,* 351 Pa.Super. 234, 239, 505 A.2d 616, 619 (1986) (emphasis in original). *Accord Schwilm v. Holbrook,* 661 F.2d 12, 14 (3d Cir.1981).

Although the Third Circuit Court of Appeals has stated that the exercise of specific jurisdiction requires that the plaintiff's cause of action must have arisen from the defendant's forum related activities, *North Penn Gas,* 897 F.2d at 690, *Schwilm,* 661 F.2d at 14, it has not yet addressed the issue of exactly what is meant by "arising from" the forum contacts of the defendant. The courts that have addressed the issue have differed in their conclusions.

The Ninth and Seventh Circuit Courts of Appeals have held that as long as the defendant's contacts with the forum state were a "but for" cause of the plaintiff's injuries, the injury will be deemed to have arisen from the contacts. In *Shute v. Carnival Cruise Lines,* 897 F.2d 377 (9th Cir.), *cert. granted,* —— U.S. ——, 111 S.Ct. 39, 112 L.Ed.2d 16 (1990) the Ninth Circuit held that a plaintiff's cause of action for a personal injury that occurred on board the defendant's cruise ship was sufficiently related to the defendant's solicitation of business in the forum state to support the assertion of personal jurisdiction, because in the absence of such solicitation, the plaintiffs would not have taken the cruise and the injury would not have occurred. *Id.* at 386. Similarly, in *In re Oil Spill by Amoco Cadiz Off Coast of France,* 699 F.2d 909 (7th Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 196, 78 L.Ed.2d 172 (1983), the Seventh Circuit ruled that a cause of action arose from a defendant's forum state activities if it could be said to "lie in the wake of the commercial activities by which the defendant submitted to the jurisdiction of the [forum state]." *Id.* at 915. In that case, the court found that a claim by French citizens for damages from an oil spill caused by the break-up of an oil tanker off the coast of France arose from the defendant's contacts with the State of Illinois, where the contract negotiations and the signing of the contract for the building of the tanker occurred in Illinois. *Id.* at 917.

Other jurisdictions have required a more direct causal link between the defendant's actions and the alleged injury, and have likened the question to the issue of proximate cause in tort law. *See Russo v. Sea World of Florida, Inc.,* 709 F.Supp. 39, 42 (D.R.I.1989) The First and Eighth Circuit Courts of Appeals have both held that a personal injury based on a defendant's alleged negligence in maintaining its facilities does not arise from the defendant's forum state activities where the forum state activities were limited to solicitation of business and the making of hotel reservations. *Marino v. Hyatt Corp.,* 793 F.2d 427, 428–429 (1st Cir.1986); *Pearrow v. National Life and Accident Insurance Company,* 703 F.2d 1067, 1069 (8th Cir.1983).

Apart from *Shute v. Carnival Cruise Lines, supra,* most courts that have addressed the issue have concluded that where plaintiffs bring an action for personal injuries that occurred in another state and which allegedly resulted from defendant's negligent acts or omissions, and such negligent acts or omissions also occurred in another state, the cause of action does not arise from the defendant's forum contacts for purposes of asserting personal jurisdiction. *See Marino, supra; Pearrow, supra; Simpson v. Quality Oil Co., Inc.,* 723 F.Supp. 382, 389 (N.D.Ind.1989) ("a defendant's contacts with the forum will usually have no substantive relevance to a cause of action based on tortious negligence when the tort is committed *outside* the forum") (emphasis in original); *Kervin v. Red River Ski Area,* 711 F.Supp. 1383, 1389–1390 (E.D.Tex.1989) (causal link between defendant's forum state solicitation and other contacts and plaintiff's injuries at defendant's ski resort insufficient to assert specific jurisdiction); *Coleman v. Chen,* 712 F.Supp. 117, 122 (S.D.Ohio 1988) (plaintiff's slip and fall injury did not arise from defendant's solicitation in Ohio, but from condition of hotel parking lot); *Smith v. Jefferson County Chamber of Commerce,* 683 F.Supp. 536, 538 (D.Md.1988), *aff'd without opinion,* 885 F.2d 866 (4th Cir.1989), *and sub nom. Jefferson County Chamber of Commerce Inc. v. Remsberg,*

885 F.2d 865 (4th Cir.1989) (cause of action for negligent placement of tent peg at arts and crafts festival did not arise out of defendant's contacts with forum state); *Slocum v. Sandestin Beach Resort Hotel,* 679 F.Supp. 899, 902 (E.D.Ark.1988), *appeal dismissed,* 855 F.2d 856 (8th Cir.1988) (plaintiff's injuries at Florida resort, not related to defendant's solicitation in forum state); *Morse v. Walt Disney World Co.,* 675 F.Supp. 42, 44 (D.Mass.1987) (same); *Szakacs v. Anheuser–Busch Companies, Inc.,* 644 F.Supp. 1121, 1124 (N.D.Ind.1986) (same).

The Pennsylvania courts have stated that a cause of action is sufficiently related to a defendant's forum contacts where "the acts of the defendant within the forum state represent the factual predicates upon which the cause of action are to be based." *Slota v. Moorings, Ltd.,* 343 Pa.Super. 96, 104, 494 A.2d 1, 5 (1985) (quoting *Kingsley and Keith (Canada) Limited v. Mercer International Corp.* (opinion for reversal), 500 Pa. 371, 380–381, 456 A.2d 1333, 1338, *cert denied sub nom. H.M. Trimble & Sons, Ltd. v. Kingsley & Keith (Canada) Ltd., et al.,* 464 U.S. 982, 104 S.Ct. 423, 78 L.Ed.2d 358 (1983)). In addition, several courts, including those of Pennsylvania, have suggested that there is a distinction between contract and tort claims in determining whether a claim arose from or is related to a defendant's forum contacts. In contract cases it is usually sufficient that the contract had "a substantial connection with the state of the forum. A single transaction may be sufficient to meet the 'minimum contacts' test." *Kingsley & Keith (Canada) Limited v. Mercer International Corp.,* 291 Pa.Super. 96, 106, 435 A.2d 585, 590 (1981), *aff'd by an equally divided court,* 500 Pa. 371, 456 A.2d 1333, *cert. denied sub. nom. H.M. Trimble & Sons v. Kingsley and Keith (Canada) Ltd., et al.,* 464 U.S. 982, 104 S.Ct. 423, 78 L.Ed.2d 358 (1983) (quoting *Shepler v. Korkut,* 33 Mich.App. 411, 415, 190 N.W.2d 281, 283 (1971)). *See also Marino v. Hyatt Corp.,* 793 F.2d at 430; *Russo v. Sea World,* 709 F.Supp. at 43.

I find the reasoning of these decisions to be persuasive in the instant case. The complaint in this action involves a personal injury that occurred in New Jersey and that allegedly resulted from Beach Terrace's "negligent willful, wanton and reckless" conduct in maintaining its motor inn. While it is true that the Wims might not have visited the motor inn if Deborah Wims had not seen the defendant's brochure, the causal link between the brochures and the injury is simply too attenuated to say that the injury arose from Beach Terrace's activities in the Commonwealth of Pennsylvania.

In reaching this conclusion, I note that this issue has been addressed by at least two federal district courts in Pennsylvania. I do not, however, find either of the decisions to be dispositive in this case.

In *Johnson v. Summa Corp.,* 632 F.Supp. 122 (E.D.Pa.1985), a Pennsylvania resident who was injured at a Nevada hotel brought suit in federal court in Pennsylvania. The court ruled that the plaintiff's claim did not arise from the defendant's advertising and maintenance of a toll free number in Pennsylvania where the plaintiff's affidavits revealed that the advertising in question did not and could not have induced him to visit the hotel. *Id.* at 125.

Plaintiffs rely on *Busch v. Sea World of Ohio,* 95 F.R.D. 336 (W.D.Pa.1982) for the proposition that an out of state injury does arise from advertising in the forum state. I believe, however, that *Busch* is factually distinguishable from the instant case. In *Busch,* the court did hold that a plaintiff who was injured in Ohio, had a cause of action that arose from the defendant's advertising in Pennsylvania. *Id.* at 340. However, the court in *Busch* emphasized the extensive nature of the defendant's advertising directed specifically towards Pennsylvania residents. The advertising in *Busch* was in fact much more extensive than that at issue here, in that it involved promotional campaigns; television, radio and newspaper advertisements; and the expenditure of large amounts of money. *Id.* at 339. The court also noted that the nature of the defendant's business required it to "draw patrons from an area larger than its local geographic area." *Id.* Moreover,

the plaintiffs in *Busch* made use of discount coupons distributed by the defendant in Pennsylvania as part of a promotional campaign. *Id.* at 340.

In contrast, Beach Terrace's advertising in Pennsylvania is much less pervasive. Beach Terrace's efforts to attract patrons are not as clearly aimed at inducing Pennsylvania residents to travel to its facility as were those of the defendant in *Busch*. There is no evidence that the nature of Beach Terrace's business necessitates that it draw large numbers of patrons from other states, or that the Wims were induced to visit the motor inn through the use of some sort of discount program directed at Pennsylvania residents like the one involved in *Busch*. This is not to say that Beach Terrace's actions do not constitute minimum contacts sufficient to support the assertion of personal jurisdiction, but that there is an insufficient causal relationship between those contacts and plaintiffs' injuries to say that the injuries arose from the contacts. The determination of whether personal jurisdiction exists is fact specific, it does not "turn on 'mechanical' tests." *Burger King Corp.*, 471 U.S. at 478, 105 S.Ct. at 2185 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). "The facts of each case must be weighed to determine whether affiliating circumstances are present." *Kulko v. Superior Court*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978).

In sum, I find that the connection between the Wims' injury and the mailing of the promotional brochures by Beach Terrace to be too remote to say that the injury arose out of or was related to Beach Terrace's forum contacts such that personal jurisdiction can be asserted over Beach Terrace.

*General Jurisdiction*

As was noted above, in cases where the cause of action does not arise from the forum related activities of the defendant, personal jurisdiction can still be exercised if the plaintiff establishes that the defendant has maintained continuous and substantial contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 414, 104 S.Ct. at 1872; *Gehling v. St. George's School of Medicine*, 773 F.2d at 541. A defendant's forum activities must be "extensive and pervasive" in order to be considered continuous and substantial. *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir.1982). Plaintiffs have failed to meet their burden of demonstrating that Beach Terrace maintained continuous and substantial contacts with Pennsylvania in the instant case.

Beach Terrace's uncontroverted answers to plaintiffs' interrogatories reveal that its contacts with Pennsylvania are very limited. Beach Terrace is a New Jersey Corporation. It has never paid any taxes or filed any tax returns within the Commonwealth of Pennsylvania or with any of the Commonwealth's agencies, departments or other subdivisions. Answer to Interrogatory 7. Beach Terrace has not purchased or acquired goods, materials or any other supplies from sources located in or having an office in Pennsylvania. Answer to Interrogatory 8. It has not advertised in any newspapers, magazines or other publications sold or distributed in Pennsylvania. Answer to Interrogatory 10. Beach Terrace has never maintained a telephone listing or mailing address in Pennsylvania. Answers to Interrogatories 18, 45. Beach Terrace has never owned or leased real property in Pennsylvania. Answer to Interrogatory 20. It has not maintained any agents in Pennsylvania. Answer to Interrogatory 41. In short, Beach Terrace's contacts with the Commonwealth of Pennsylvania are limited to the yearly mailing of brochures to potential patrons, 1,133 of which were sent to Pennsylvania residents. Plaintiffs have introduced no evidence as to the number of times such brochures were sent.

Beach Terrace's general manager did testify at deposition that approximately 25 to 27 percent of the motor inn's registered guests for the year preceding the most recent mailing were Pennsylvania residents; however, plaintiffs have introduced no evidence as to how many of those

guests visited the motor inn as a result of Beach Terrace's advertising. The mere fact that a substantial number of the motor inn's guests were Pennsylvania residents does not in itself establish that Beach Terrace maintained substantial and continuous contacts with Pennsylvania. *See, Provident National Bank v. California Federal Savings & Loan Ass'n,* 819 F.2d at 438 (size of the percentage of non-resident defendant's total business represented by its Pennsylvania contacts is generally irrelevant to the issue of personal jurisdiction). There is also evidence that approximately ten percent of Beach Terrace's employees are Pennsylvania residents. Answer to Interrogatory 68. Again, however, there is no evidence as to whether these employment relationships in some way reflect Beach Terrace's activities in or directed toward Pennsylvania, and they are thus also irrelevant to the issue of personal jurisdiction.

The cases in which general jurisdiction over a non-resident defendant in a personal injury suit has been found to exist have involved much more contact between the defendant and the forum state than that involved here. In *Cresswell v. Walt Disney Productions,* 677 F.Supp. 284 (M.D.Pa. 1987) and *Gavigan v. Walt Disney World, Inc.,* 646 F.Supp. 786 (E.D.Pa.1986) the courts held that general jurisdiction could be asserted over a non-resident defendant in an action for a personal injury that occurred outside of Pennsylvania, where the defendant engaged in extensive promotional and advertising activities in Pennsylvania, maintained a toll free telephone number in Pennsylvania, had entered into at least two joint ventures with Pennsylvania entities, and representatives of the defendant made a number of visits to Pennsylvania. *Cresswell* at 286–287; *Gavigan* at 788, 790. In contrast, in *Johnson v. Summa Corp., supra,* the court found that the maintenance of a toll-free number in Pennsylvania, the presence of brochures in one travel agency and a single mailing of pro-

motional material was insufficient for the exercise of general jurisdiction. *Id.* at 126.

I find the instant case to be more akin to *Johnson* than *Cresswell* and *Gavigan.* The mailing of brochures to slightly more than one thousand Pennsylvania residents can hardly be said to constitute "extensive and pervasive" contact. It is thus evident that neither specific nor general personal jurisdiction can be exercised by this court over Beach Terrace in this case.[2]

Because personal jurisdiction does not exist in this district, venue cannot properly be laid here, as this is not a district in which the defendant resides or in which a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a). However, although I find that this court lacks personal jurisdiction over Beach Terrace and venue is improper in this district, I will nonetheless deny the motion to dismiss and instead exercise the discretionary power of the district court to transfer this matter, sua sponte, to the United States District Court for the District of New Jersey, a district court with personal jurisdiction over Beach Terrace and in which venue may be properly laid. 28 U.S.C. § 1406; *Barnes v. Bonifacio,* 605 F.Supp. 223, 225 (W.D.Pa.1985). Such a course is, I believe, in the interest of justice as it will prevent the duplication of filing costs and possible statute of limitations problems that could arise from a dismissal at this point.

---

**2.** I note in passing that I find the present controversy over whether jurisdiction in this case is proper in Pennsylvania or New Jersey to be somewhat overblown, as the Federal Courthouse in Camden, New Jersey is located less than two miles from this Courthouse.