**Barbara PEEK**

v.

**GOLDEN NUGGET HOTEL AND CASINO; Golden Nugget Risk Management Corporation.**

**Civ. A. No. 92–4993.**

United States District Court, E.D. Pennsylvania.

Nov. 6, 1992.

**556**

Aaron S. Friedman, Mark A. Koral, Philadelphia, Pa., for plaintiff.

Arthur W. Hankin, Bolger, Picker, Hankin & Tannenbaum, Philadelphia, Pa., for defendant.

## MEMORANDUM

BARTLE, District Judge.

Plaintiff, Barbara Peek ("Peek"), has brought this action based on diversity of citizenship against both GNLV Corporation doing business as Golden Nugget Hotel and Casino ("GNLV") and the Golden Nugget Risk Management Corporation ("GNRM"). Plaintiff, a citizen of Pennsylvania, seeks damages for injuries that she allegedly sustained as the result of a "slip and fall" on the defendants' property in Reno, Nevada. Defendants have moved to dismiss plaintiff's complaint, pursuant to Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, because of a lack of personal jurisdiction and improper venue.[1] GNLV also seeks dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Once a defense challenging personal jurisdiction has been raised, the plaintiff bears the burden of proving by a preponderance of the evidence, by way of affidavits or otherwise, that the defendant did have sufficient forum contacts for the court to exercise personal jurisdiction. *Mellon Bank (East) PSFS, National Association v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992); *Carteret Savings Bank v. Shushan*, 954 F.2d 141, 146 (3d Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992).

Rule 4(e) of the Federal Rules of Civil Procedure authorizes a federal district court to exercise personal jurisdiction over non-resident defendants like GNLV and GNRM to the "extent permissible under the law of the state where the district court sits." *Mellon Bank*, 960 F.2d at 1221. *Accord North Penn Gas v. Corning Natural Gas*, 897 F.2d 687, 689 (3d Cir.) (per curiam), *cert. denied*, —— U.S. ——, 111 S.Ct. 133, 112 L.Ed.2d 101 (1990). The reach of state law, of course, must not extend beyond what Due Process allows. *Van Buskirk v. Carey Canadian Mines*

---

**1.** Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure provides that the following defenses may, at the option of the pleader, be made by motion:

(2) lack of jurisdiction over the person;
(3) improper venue.

*Ltd.*, 760 F.2d 481, 489–90 (3d Cir.1985); *Wims v. Beach Terrace Motor Inn, Inc.*, 759 F.Supp. 264, 265 (E.D.Pa.1991). Under the Due Process Clause of the Constitution, a state may exercise personal jurisdiction over a non-resident defendant if its minimum contacts with a forum are "such that the maintenance of [a] suit [there] does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quotation omitted).

■ Under Pennsylvania's long-arm statutes there are two potential bases for the exercise of personal jurisdiction over a non-resident corporate defendant. First, a court may exercise personal jurisdiction over a corporation to the extent that the cause of action arises out of the corporation's transaction of business within Pennsylvania. 42 Pa.Cons.Stat.Ann. § 5322 (Supp.1992).[2] *See also Mellon Bank*, 960 F.2d at 1221; *North Penn Gas*, 897 F.2d at 690.

■ General jurisdiction under 42 Pa. Cons.Stat.Ann. § 5301, on the other hand, is grounded on the defendant's general activity within Pennsylvania. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984); *Gehling v. St. George's School of Medicine*, 773 F.2d 539, 541 (3d Cir.1985). Personal jurisdiction may exist over a non-resident corporate defendant if that corporation carries on a "continuous or systematic part of its general business within this Commonwealth." 42 Pa.Cons.Stat.Ann. § 5301(a)(2)(iii). While only one forum related contact may be sufficient to exercise specific personal jurisdiction under § 5322, substantially more contacts with the forum are required before a court properly may exercise general personal jurisdiction. *See also Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d

Cir.1982). If general personal jurisdiction exists as a result of the defendant's activities in a forum, there is jurisdiction over that defendant regardless of whether the claim for relief has any relation to the forum. *Mellon Bank*, 960 F.2d at 1221.

The Pennsylvania long-arm statute under § 5322 specifically provides for the exercise of personal jurisdiction over a corporate non-resident defendant "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.Cons.Stat.Ann. § 5322(b) (Supp.1992). The courts have held that the reach of both Pennsylvania long-arm statutes is "co-extensive" with the Due Process Clause of the Fourteenth Amendment. *Mellon Bank*, 960 F.2d at 1221; *North Penn Gas*, 897 F.2d at 690, *Van Buskirk*, 760 F.2d at 490. *See also Narco Avionics, Inc. v. Sportsman's Market, Inc.*, 792 F.Supp. 398, 403 (E.D.Pa. 1992); *Wims*, 759 F.Supp. at 266.

■ Plaintiff has not demonstrated sufficient forum contacts on the part of either GNLV or GNRM which would permit this Court to exercise either specific or general jurisdiction. Plaintiff has not provided this Court with any affidavits, or other evidence which proves its assertion that the defendants "benefitted from long and continuous campaigns of advertising, travel industry promotions and, ongoing block room sales agreements through which a significant percentage of their business come[s] [sic] from Pennsylvania travelers." (Plaintiff's Memorandum of Law Opposing Defendants' Motion to Dismiss at page 5). The only two exhibits provided by plaintiff are not supported by affidavit and are of unknown origin. They are a brochure of the Golden Nugget Hotel and Casino and a promotional brochure from Liberty Travel/American Airlines which contains a de-

---

2. This statute provides in pertinent part that: (a) General rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth.
*Id.* at § 5322(a)(1).

scription of six Las Vegas hotels, including the Golden Nugget Hotel.

■ Under the circumstances, this Court will *not* presume that the brochures provided by plaintiff were produced by the defendants or that the defendants purposely distributed them or made them available throughout Pennsylvania. It thus cannot conclude that plaintiff met her burden of establishing that the defendants had sufficient forum related contacts so as to permit the Court to exercise personal jurisdiction over the defendants. References in a brief, unsupported by affidavit, are not properly before the Court as 'facts' evidencing contact for jurisdictional purposes. *Alston and Guinn v. Solomon*, 754 F.Supp. 46, 48 n. 1 (E.D.Pa.1990). *See also Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 (3d Cir.1984).

The defendants themselves, in affidavits accompanying their motions to dismiss, have provided the only competent evidence before this Court relating to the defendants' contacts with Pennsylvania.

The uncontested affidavit submitted on behalf of defendant GNRM, Corp. states: (1) GNRM is a Nevada corporation; (2) GNRM does not, and did not at the time of injury, own any real or personal property in Pennsylvania; (3) GNRM did not lease or maintain any office, residence or place of business in Pennsylvania, either currently or at the time of the injury; (4) GNRM has never filed for incorporation in Pennsylvania; (5) GNRM has not designated a person in Pennsylvania to receive service of process; (6) GNRM never owned stock, of any kind, in Pennsylvania; (7) GNRM has never paid any income or real property taxes in Pennsylvania; (8) GNRM has not consented to the jurisdiction of Pennsylvania; (9) GNRM has never conducted any business within the State of Pennsylvania; and (10) GNRM conducts no general public advertising, and only services the wholly-owned subsidiaries of Mirage Resorts, Inc. (Affidavit of Carolyn Ellsworth, Vice President and General Counsel of Golden Nugget Risk Management (GNRM) Corp.).

The uncontested affidavits submitted on behalf of defendant GNLV, Corp. d/b/a Golden Nugget Hotel and Casino, contain the following facts: (1) GNLV does not own or operate any hotels or casinos in Pennsylvania; (2) GNLV has never owned any real or personal property in Pennsylvania; (3) GNLV does not lease or maintain any office, residence or place of business in Pennsylvania; (4) GNLV has never filed for incorporation in Pennsylvania; (5) GNLV has never designated an individual for service of process in Pennsylvania; (6) GNLV has never owned stock, of any kind, in Pennsylvania; (7) GNLV has never paid income or real property taxes in Pennsylvania; (8) GNLV has never conducted any business in Pennsylvania; (9) GNLV has never advertised, via newspaper, radio, television, or billboard in the State of Pennsylvania; (10) GNLV has not consented to the jurisdiction of Pennsylvania; (11) although pre-printed brochures may be available from some travel agents in Pennsylvania, these brochures are either obtained by the travel agents themselves at travel conventions or through the agents' direct solicitation of GNLV; (12) less than 2% of GNLV's hotel guests reside in the New Jersey, New York, Pennsylvania tri-state region; and (13) GNLV does not derive a significant portion of its total revenues from Pennsylvania residents. (Affidavit of Joanne Beckett, General Counsel for GNLV, Corp. (1–10) and Affidavit of Bill LaMacchia, Director of Hotel Sales and Marketing for GNLV, Corp. (11–13)).

Based on the foregoing, as well as the allegation that plaintiff's personal injuries occurred in Nevada, this Court finds that the plaintiff's claim for relief did not arise out of the defendants' contacts with Pennsylvania, the forum state. When a plaintiff brings an action for personal injuries suffered in another state, as a result of the defendant's negligent activities within that state, courts have concluded that "the cause of action does not arise from the defendant's forum contacts for the purposes of asserting personal jurisdiction." *Wims*, 759 F.Supp. at 267. *See also Gavigan v. Walt Disney World, Inc.*, 646 F.Supp. 786, 787 (E.D.Pa.1986).

Even assuming that some of the defendants' brochures were displayed in Pennsylvania travel agents' offices, the plaintiff has not shown that the defendants purposely distributed these brochures or conducted any other advertising within Pennsylvania. Neither has plaintiff established that these brochures in any way induced the plaintiff to travel to Nevada. *See Johnson v. Summa Corp.*, 632 F.Supp. 122, 125 (E.D.Pa. 1985). The requirements for specific personal jurisdiction, therefore, have not been met.

Likewise, the plaintiff has not established that the defendants had sufficient contacts with Pennsylvania for the Court to exercise general personal jurisdiction. Defendants' contacts within Pennsylvania simply cannot be characterized as "continuous and substantial" or "extensive and persuasive." *See Gehling*, 773 F.2d at 541; *Reliance Steel*, 675 F.2d at 587. The defendants did not own any property, pay any taxes, operate any offices, incorporate, or lease any space in Pennsylvania. Further, there has been no evidence tending to show that the defendants consciously targeted the Pennsylvania consumer or advertised in the Pennsylvania print, radio or television media.

In *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539 (3d Cir.1985), the Court of Appeals for the Third Circuit held that general personal jurisdiction did not exist over the defendant, a Grenada based college, for personal injuries that were sustained in Grenada, because the college's contacts with Pennsylvania were not "substantial and continuous." *Id.* at 543. The court reached this conclusion in a personal injury action based on events that took place in Grenada even though the defendant college had advertised extensively in non-Pennsylvania newspapers that circulated within Pennsylvania, obtained six percent of its students from Pennsylvania, participated in a joint program with a Pennsylvania college and Pennsylvania residents annually paid several hundred thousand dollars worth of tuition to the college. *Id.* at 542–543.

Similarly, in *Johnson v. Summa Corp.*, 632 F.Supp. 122 (E.D.Pa.1985), the court held that general personal jurisdiction did not exist over the Nevada based defendant for personal injuries that the plaintiff sustained in Nevada. *Id.* at 126. The court reasoned that the defendant's maintenance of a toll-free number within Pennsylvania, the mailing of a brochure to the plaintiff, and the presence of some promotional materials at a Philadelphia travel agency did not constitute the required "extensive and persuasive" contact with Pennsylvania for the court to exercise general jurisdiction. *Id.*

Finally, in *Wims v. Beach Terrace Motor Inn, Inc.*, 759 F.Supp. 264 (E.D.Pa.1991), the court declined to exercise general personal jurisdiction over a non-resident defendant hotel for personal injuries that the plaintiff sustained in New Jersey. *Id.* at 270. The court concluded that the defendant's contact with Pennsylvania, limited to an eleven hundred plus piece mailing directed at potential Pennsylvania customers, without more, was insufficient contact to establish general jurisdiction. *Id.* at 269–270. The mere fact that about 25% of the hotel's guests resided in Pennsylvania did not, by itself, establish that the defendant maintained substantial and continuous contacts with Pennsylvania. *Id.* at 270.

Plaintiff's reliance on *Gavigan v. Walt Disney World Inc.*, 646 F.Supp. 786 (E.D.Pa.1986), in opposing the defendants' motion to dismiss, is misplaced. The court held that general jurisdiction could be exerted in Pennsylvania over a non-resident corporate defendant for a motor vehicle accident which occurred in Florida. *Id.* at 790. The defendant actively advertised in media directed at the Philadelphia market, entered into joint ventures within Pennsylvania, conducted an extensive promotional campaign in Philadelphia and a representative of the corporation visited Pennsylvania numerous times. The court decided that the defendant's conduct could properly be characterized as "continuous and substantial business activity" within Pennsylvania. *Id.*

This case is plainly distinguishable from *Gavigan.* GNLV and GNRM have not conducted any of the activities considered relevant by that court. Neither GNLV nor GNRM actively advertised in Pennsylvania. There also is no evidence that they participated in joint ventures, extensive promotional campaigns, or had agents who made visits to Pennsylvania. Accordingly, this Court holds that it may not properly exercise either general or specific personal jurisdiction over the non-resident corporate defendants GNLV and GNRM.

■ The defendants have moved to dismiss for lack of venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure and have alternately moved for the Court to transfer this case to the District of Nevada pursuant to 28 U.S.C. § 1404(a).[3] Although the Court finds that venue is improper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(a),[4] it will deny the defendants' motion to dismiss or to transfer pursuant to 28 U.S.C. § 1404(a), since that statutory provision is applicable only where venue is proper in the forum court. *Rose v. Franchetti,* 713 F.Supp. 1203, 1213 (N.D.Ill.1989), *aff'd,* 979 F.2d 81 (7th Cir.1992). However, the Court will transfer the case to the District of Nevada pursuant to 28 U.S.C. § 1406(a) which provides that if venue is improper a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* This Court deems it to be in the interest of justice, to save filing fees and to avoid potential statute of limitations problems, to transfer the case to the United States District Court for the District of Nevada, a jurisdiction where the action could have originally been brought.

Finally, the motion of GNLV seeking dismissal under Rule 12(b)(6), based on a failure to state a claim upon which relief can be granted, will be denied without prejudice. This is a matter which should be decided by the transferee court in Nevada.

the defendants reside in the same state; (2) where a "substantial part of the events or omissions giving rise to the claim occurred;" or (3) where the defendants are subject to personal jurisdiction at the time the action is commenced. *Id.* None of the contacts mandated by 28 U.S.C. § 1391(a) has been met.

---

**3.** 28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

**4.** This section provides that, in a diversity of citizenship action, venue is proper in any district: (1) where any defendant resides, if all of