**NATIONAL WILDLIFE FEDERATION et al., Plaintiffs,**

v.

**Clifford ALEXANDER, Secretary of the Army, et al., Defendants.**

Civ. A. No. 78–0844.

United States District Court, District of Columbia.

June 29, 1978.

**30**

David J. Hensler, Roger H. Trangsrud, Washington, D.C., for plaintiffs.

Mark R. Sussman, Atty., U.S. Dept. of Justice, Washington, D.C., for defendants.

Jay N. Varon and Howard W. Fogt, Jr., Washington, D.C., for defendant-intervenor.

MEMORANDUM–ORDER

GASCH, District Judge.

In this action, plaintiffs National Wildlife Federation, South Carolina Wildlife Federation, Sullivan's Island, and Save the Wando Association, Inc. challenge the issuance of a permit authorizing the construction of a port terminal on the Wando River near Charleston, South Carolina. Plaintiffs claim that defendants, in issuing the permit, violated, *inter alia*, the Federal Water Pollution Control Act, 33 U.S.C.A. § 1344 (1977), the Rivers and Harbor Act of 1899, 33 U.S.C. § 403 (1976), and the National Environmental Policy Act of 1969, 42 U.S.C. §§ 4331 *et seq.* (1976). Defendants include Clifford Alexander (Secretary of the Army), the United States Army Corps of Engineers, Lt. General John W. Morris (Chief of Engineers), the Environmental Protection Agency (EPA), Douglas Costle (Administrator of the EPA), the Department of the Interior, and Cecil D. Andrus (Secretary of the Interior). The South Carolina State Ports Authority was granted leave to intervene as a party-defendant. Presently before this Court is defendant-intervenor's motion to transfer this action to the United States District Court for the District of South Carolina.

■ While plaintiffs are generally entitled to their choice of forum, section 1404(a) of Title 28 provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Under the circumstances of this case, the Court concludes that both the convenience of potential witnesses and the interests of justice warrant a transfer to the United States District Court for the District of South Carolina.[1] The property in question is in South Carolina, and the decision

---

1. The Court does not find the convenience of parties, a factor specifically mentioned in section 1404(a), to be decisive in the instant case. However, the Court notes that the defendants have indicated to the Court that they neither support nor oppose the transfer, and that three of the four plaintiffs are residents of South Carolina.

whether or not to proceed with the construction of the port terminal will impact primarily upon South Carolina. Moreover, in the event that any evidentiary hearing is necessary, the witnesses most familiar with the proposed project and its environmental effects will be more accessible to the District Court for the District of South Carolina.

Wherefore, it is by the Court this 29th day of June, 1978.

ORDERED that, pursuant to 28 U.S.C. § 1404(a), the motion of defendant-intervenor to transfer this action to the United States District Court for the District of South Carolina be, and hereby is, granted.