**Bruce J. OUDES, Plaintiff,**

v.

**John BLOCK and Norman A. Berg, Defendants.**

**Civ. A. No. 81–229.**

United States District Court, District of Columbia.

May 19, 1981.

**14**

Bruce J. Terris, David A. Klibaner, Washington, D. C., for plaintiff.

Carolyn Osolinik, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

This matter is before the Court on the motion of the defendants to transfer this action to the United States District Court for the Northern District of West Virginia. The complaint of the plaintiff alleges (1) that the environmental impact statement issued by the defendants, the Secretary of Agriculture and the Chief of the Soil ·Conservation Service, in conjunction with the construction of the watershed and flood prevention project for the North and South Mill Creek Subwatershed of the Potomac River Watershed in Grant, Pendleton, and Hardy Counties, West Virginia, violated the provisions of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.* and its implementing regulations; (2) that the defendants further violated the provisions of the National Environmental Policy Act (NEPA) and its implementing regulations by failing to prepare a supplemental environmental impact statement relating to substantial and major changes in the project, including the removal of additional soil material from the plaintiff's property for use in the construction of the project; and (3) that the defendants' decision to obtain soil material for use in the construction of the project was arbitrary, capricious, and an abuse of discretion in violation of the provisions of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*

■ The defendants' motion to transfer is made pursuant to 28 U.S.C. § 1404(a) (1976) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This statutory provision confers broad discretion upon the Court to order such a transfer, *Fine v. McGuire,* 433 F.2d 499, 501 (D.C.Cir.1970), and in the exercise of that discretion, the Court must make a case-by-case determination of convenience and fairness. *SEC v. Savoy Industries, Inc.,* 587 F.2d 1149, 1154 (D.C.Cir.1978), *cert. denied,* 440 U.S. 913, 99 S.Ct. 1227, 59 L.Ed.2d 462 (1979); *Starnes v. McGuire,* 512 F.2d 918, 925, 928 (D.C.Cir.1974) (en banc). Having considered the written and oral arguments of counsel, the affidavits submitted in support thereof, and the entire record herein, the Court concludes that the convenience of the parties and witnesses and the interests of justice warrant a transfer of this case to the United States District Court for the Northern District of West Virginia.

■ The plaintiff is given his choice of forum and consideration must be given to his election. *Fine v. McGuire, supra; National Wildlife Federation v. Alexander,* 458 F.Supp. 29 (D.D.C.1978). And in view of the consideration given the plaintiff's choice of venue, the burden of establishing that an action should be transferred rests with the moving party. *SEC v. Savoy Industries, Inc., supra.* However, while the plaintiff's choice of a forum in this instance is the District of Columbia, he has indicated that he maintains his residence in West Virginia. Thus, it appears that any inconvenience or hardship to him which would be occasioned by the transfer of this action to the Northern District of West Virginia would be negligible or non-existent. Accordingly, the deference normally given to the plaintiff's choice of forum is somewhat diminished. *See Haase v. Mallenkrodt, Inc.,* 415 F.Supp. 889 (S.D.N.Y.1976). In addition, the plaintiff's attorneys, who were apparently selected for their expertise in this type of litigation, have indicated to the Court that a transfer of this action to the Northern District of West Virginia would not interfere with their ability to continue representing the plaintiff.

More importantly, however, the defendants have demonstrated that the convenience of parties and witnesses will be served by the transfer. Because the watershed project at issue is a joint venture of

the Soil Conservation Service and local entities, it is primarily oriented to the locality in which the project is situated. Thus, the responsible officials, relevant records, and concerned individuals and interests are in West Virginia. For example, the Soil Conservation Service administrative officials and engineers who might be expected to be witnesses in connection with this action live and work in West Virginia. The Court is not persuaded by the plaintiff's arguments that these witnesses will not necessarily play a role in any further proceedings in this action. This is particularly so in view of the fact that (1) the action is presently in its initial stages; (2) the plaintiff has expressed his belief that the Court's review will need to go beyond the administrative record with respect to the NEPA claims; and (3) the plaintiff has suggested the eventuality of a need for testimony on his other claim under the APA.

It further appears that the administrative record in this action is quite voluminous and located entirely in West Virginia. Since the Court does not share the plaintiff's view that its review will necessarily be confined to a limited portion of that record, the greater ease of access to the record in West Virginia is another factor weighing in favor of transfer.

■ Accordingly, in view of the location of the extensive administrative record, the residence of the relevant potential witnesses, and the negligible inconvenience to the plaintiff, it is this 19th day of May, 1981,

ORDERED that the motion of the defendants be, and the same hereby is, granted, and this action shall be transferred to the United States District Court for the Northern District of West Virginia, with the Clerk of the Court to take the appropriate actions to effectuate that transfer.