**CITIZEN ADVOCATES FOR RESPONSIBLE EXPANSION, INC. (I–CARE) et al., Plaintiffs,**

v.

**Elizabeth DOLE, et al., Defendants.**

**Civ. A. No. 83–0585.**

United States District Court, District of Columbia.

April 29, 1983.

Harrison B. Wetherill, Jr. and David Bonderman, Arnold & Porter, Washington, D.C., for plaintiffs.

Judith Bartnoff, Asst. U.S. Atty., Washington, D.C., David Thomas, Asst. Atty. Gen. of Texas, Dallas, Tex., for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

The Court has before it the Motion of the Federal Defendants to Transfer this case to the Northern District of Texas (Fort Worth Division), plaintiffs' opposition thereto and the entire record herein. For the reasons set forth below the Court will grant the defendants' motion and transfer this case.

This action is brought by Citizen Advocates for Responsible Expansion, Inc. ("I–CARE"), a non-profit Texas Corporation dedicated to the well-being of Fort Worth, Texas, the National Trust for Historic Preservation, headquartered in the District of Columbia, and two Fort Worth citizens. Plaintiffs seek declaratory and injunctive relief against the further planning and construction by defendants of two segments of highway located in Fort Worth. Specifically, plaintiffs claim that in planning these roadways, the defendants have violated the National Environmental Policy Act, the Federal Aid Highway Act, the Department of Transportation ("DOT") Act, the federal regulations implementing these statutes, and DOT's noise regulations.

While it is clear that jurisdiction and venue over this action are proper here, the federal defendants seek to have the case transferred to Texas pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Because venue and jurisdiction over this action also lie in the Northern District of Texas, this Court must determine whether convenience and the interests of justice require transfer to that district.

Defendants have the burden to demonstrate that transfer under § 1404 is proper. *See e.g., Oudes v. Block,* 516 F.Supp. 13, 15 (D.D.C.1981); *Lopez Perez v. Hufstedler,* 505 F.Supp. 39, 41 (D.D.C.1980). However, that burden is substantially diminished where, as here, transfer is sought to the forum where plaintiffs reside, *Oudes, supra,* 516 F.Supp. at 14, and the connection between plaintiffs, the controversy and the chosen forum is attenuated, *Pain v. United Technologies,* 637 F.2d 775, 786 (D.C.Cir. 1980). Plaintiffs here have little connection to this forum, but strong ties to the Northern District of Texas (Fort Worth Division). As noted *infra,* two plaintiffs are Fort Worth Citizens who have demonstrated deep civic involvement and plaintiff I–CARE is an organization composed of Fort Worth citizens and groups dedicated to improving their city. The only plaintiff not obviously intimately tied to Fort Worth is the National Trust for Historic Preservation. However, the National Trust's reliance on the status of approximately 900 of their members as residents of the Fort Worth area who would be adversely effect-

ed by the actions challenged here, demonstrates that this organization too is closely connected to that forum. Furthermore, the controversy here is over the building of highways in Fort Worth, a subject obviously connected to that forum, not this one. Accordingly, the federal defendants' burden to demonstrate that transfer is appropriate is substantially diminished.

The Court now turns to the two considerations of § 1404(a), convenience and justice, *see, e.g., Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964), to determine whether the federal defendants have met their burden. There is considerable disagreement among the parties as to where this case would most conveniently be tried. Upon consideration of the pleadings, the Court is unable to state with certainty that this case would most conveniently be tried in Fort Worth. However, it does appear that Fort Worth is no less convenient a forum than is this Court.

Unlike considerations of convenience, the interests of justice in this case lead the Court to a definitive conclusion on the question of transfer. This case concerns a matter of great controversy in and concern to the Fort Worth area. Citizens and businesses have banded together to fight the highway proposal and the Mayor of Fort Worth has expressed his concern over the resolution of the controversy. In sum, the connection of this dispute to the Fort Worth community is indisputable. Furthermore, it appears to the Court that justice requires that such localized controversies should be decided at home. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Altman v. Central Georgia Railway Co.,* 254 F.Supp. 167, 175 (D.D.C.1965). As the Supreme Court has stated, "In cases which touch the affairs of many persons, there is reason for

holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only." *Gilbert, supra,* 330 U.S. at 509, 67 S.Ct. at 843.

Thus, the Court finds that the federal defendants have sustained their burden of demonstrating that transfer is warranted and, accordingly, it is, by the Court, this 29 day of April, 1983 hereby,

ORDERED that this case shall be transferred to the United States District Court for the Northern District of Texas (Fort Worth Division).[1]

---

1. The Court notes that plaintiffs have expressed a great deal of concern that this case receive expeditious determination. Indeed, the relative docket congestion of the Court in Fort Worth as compared to this Court appears to have been one of the primary reasons, if not the primary reason, for plaintiffs' choice of forum. Although the Court is sympathetic to plaintiffs' concern, it notes that even on a crowded docket, cases such as this one seeking preliminary relief are given expedited consideration and therefore rapid resolution of this matter is still available.