**INITIATIVE AND REFERENDUM INSTITUTE, et al., Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ.A.No. 00–1246 (RWR).**

United States District Court, District of Columbia.

July 24, 2001.

Ky Elaine Kirby, Daniel Eric Cohen, David F. Klein, Swindler, Berlin, Shereff & Friedman, L.L.P., Washington, DC, Arthur Barry Spitzer, Washington, DC, John R. Ferguson, Swindler, Berlin, Shereff & Friedman, L.L.P., Washington, DC, for Plaintiffs.

Marina Utgoff Braswell, U.S. Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

ROBERTS, District Judge.

Plaintiffs, individuals and associations gathering signatures to place initiatives on state ballots in upcoming elections, allege that a United States Postal Service ("USPS") regulation that prevents people from soliciting signatures for petitions on USPS property is unconstitutional as applied to twelve distinct post office properties. Defendant has moved to sever the eleven claims related to properties not within this Court's jurisdiction, and to transfer these claims to the nine different jurisdictions where the respective post offices are located.[1] Because the interests of justice weigh against the severance and transfer defendant seeks, defendant's motion will be denied.

### BACKGROUND

On June 28, 1998, USPS amended its regulation regarding the kinds of activities that were prohibited on postal property to read as follows:

> Soliciting alms and contributions, campaigning for election to any public office, collecting private debts, soliciting and vending for commercial purposes (in-

cluding, but not limited to, the vending of newspapers and other publications), displaying or distributing commercial advertising, *soliciting signatures on petitions, polls, or surveys (except as otherwise authorized by Postal Service regulations)*, and impeding ingress to or egress from post offices are prohibited.

39 C.F.R. § 232.1(h)(1) (2000) (" § 232.1(h)(1)") (emphasis added). Specifically, the new regulation added language prohibiting solicitation of signatures. The Initiative and Referendum Institute, a national nonprofit organization dedicated to assisting citizens' government participation through initiatives and referenda, together with other organizations and individuals, brought this suit challenging the amendment as applied to all post offices.[2]

Eight individual plaintiffs state in affidavits that after the amended § 232.1(h)(1) took effect, each was asked by a USPS employee to stop gathering petition signatures on postal property. (Pls.' Mot. Summ. J. Exs. 13, 15–21.) Plaintiffs moved for summary judgment, arguing that § 232.1(h)(1) is unconstitutional on its face and as applied to them because it is a content-based restriction on speech in a public forum and, therefore, the regulation is not narrowly tailored to serve a compelling state interest. Defendant also moved for summary judgment, arguing that exterior USPS property is a nonpublic forum and therefore § 232.1(h)(1) is valid because it is viewpoint-neutral and reasonable, and that even if the property at issue was a public forum, § 232.1(h)(1) is a valid time, place and manner regulation.

---

1. There is one claim that involves a post office in Washington, D.C. The other claims involve post offices located in Arizona (1), Florida (1), Idaho (1), Eastern Michigan (2), Western Michigan (1), Montana (1), Nevada (1), Oregon (2) and Utah (1).

2. The organizations are Americans for Medical Rights, Citizens for Limited Taxation, Clean, The Humane Society of the United States, Nebraskans for Limited Terms, Oregonians for Fair Elections, Oregon Taxpayers United, and U.S. Term Limits.

Neither party, however, provided adequate information about the exact configuration of those locations or the actual physical attributes or historical use of any specific post office. Accordingly, this Court denied the parties' cross-motions for summary judgment for failing to show that there were no genuine issues of material fact. Plaintiffs filed an amended complaint, challenging the regulation as applied to twelve distinct post office properties. USPS has now moved to sever pursuant to Federal Rule of Civil Procedure 21 and to transfer pursuant 28 U.S.C. § 1404(a) all claims in the amended complaint regarding post offices located outside of this Court's jurisdiction.

## DISCUSSION

### I. Severance

The parties do not dispute that each claim regarding a post office outside of the District of Columbia must be severed from the instant litigation before it can be transferred to the jurisdiction in which the post office property at issue is located. (Def.'s Mem. Supp. Mot. to Sever Claims and to Transfer ("Def.'s Mem.") at 6; Pls.' Mem. Opp'n to Def.'s Mot. ("Pls.' Opp'n") at 3.) USPS has moved to sever each such claim pursuant to Federal Rule of Civil Procedure 21.[3] "Claims against different parties can be severed for trial or other proceedings, under [Rule 21], if the Court determines in its discretion that the interests of justice would be served by doing so." *In re Vitamins Antitrust Litig.*, No. MISC 99–197, 2000 WL 1475705, at *17 (D.D.C. May 9, 2000). In this case, defendant has not shown that any of the claims at issue were misjoined or involve different parties. Instead, defendant seems to be arguing that the Court should sever all claims relating to post offices outside the District of Columbia to serve the interests of justice.

■ Joinder rules are interpreted to encourage "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (denying severance where "plaintiffs' allegations allege a common series of transactions and occurrences and raise common questions of law and fact applicable to all defendants"). Here, plaintiffs' allegations raise common questions of constitutional law applicable to USPS and its regulation, § 232.1(h)(1). The same regulation will be applied to the facts regarding each claim. All of plaintiffs' claims will require common factual inquiries into the public forum status of each of the postal properties. In addition, severing the case into ten separate actions would result in duplicative litigation, particularly when coupled with the transfers defendant seeks, and would waste vast amounts of judicial and litigant resources. Despite the number of post office properties involved, it is in the interests of justice to keep as many of plaintiffs' claims together in one case as would be fair to the parties. Accordingly, defendant's motion to sever all claims relating to post offices outside the District of Columbia will be denied.

### II. Transfer

As the parties have stated, defendant must succeed on its motion to sever before

---

**3.** Rule 21 provides:
Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately. Fed.R.Civ.P. 21.

the Court can entertain its motion to transfer under 28 U.S.C. § 1404(a). Since I have denied defendant's motion to sever, defendant's motion to transfer also will be denied.

 Even if this were a case where wholesale severance was appropriate, however, it is not in the interests of justice to transfer each claim regarding a different post office to nine different jurisdictions as defendant requests, thus necessitating litigation in ten different jurisdictions altogether. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (West 2000). Courts have broad discretion in determining whether transfer is appropriate pursuant to section 1404(a). *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). In exercising this discretion, courts must balance a number of case-specific factors, including the parties' private interests and the public interests, such as efficiency and fairness. *See id.* at 29–30, 108 S.Ct. 2239. In summary:

> The private interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses ..., but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local

interest in deciding local controversies at home.

*Trout Unlimited v. United States Dep't of Agric.*, 944 F.Supp. 13, 16 (D.D.C.1996) (footnotes omitted).

 Looking at the private interest factors in this case, plaintiffs' choice of forum and the balance of considerations of convenience to parties and witnesses tilts against wholesale transfer. Plaintiffs chose to file this action in the District of Columbia, and plaintiffs' forum choice should be afforded substantial deference unless that forum has no substantial connection with the parties or subject matter at issue. *See Wilderness Soc'y v. Babbitt*, 104 F.Supp.2d 10, 12 (D.D.C.2000) (citing *Islamic Republic of Iran v. Boeing Co.*, 477 F.Supp. 142, 144 (D.D.C.1979); *Hawksbill Sea Turtle v. FEMA*, 939 F.Supp. 1, 3 (D.D.C.1996); *Trout Unlimited*, 944 F.Supp. at 17; *Armco Steel Co. v. CSX Corp.*, 790 F.Supp. 311, 323 (D.D.C. 1991); *Citizen Advocates for Responsible Expansion, Inc. v. Dole*, 561 F.Supp. 1238, 1239 (D.D.C.1983)). Here, the District of Columbia has a substantial connection to this controversy, the parties and the subject matter at issue. While it is true that post offices in all jurisdictions may be affected to varying degrees by the ruling in this case, defendant has not provided a sufficient reason for litigating this controversy outside of D.C.

 First, defendant argues that the claims should be transferred because testifying witnesses likely will be located in the same region as the post office about which they will testify. (Def.'s Mem. at 5.) In addition, defendant claims that transfer will be more convenient for plaintiffs, because "only one of the seventeen individually-named plaintiffs lives in [D.C.]." (*Id.*) Plaintiffs, however, state that "[f]our Plaintiffs reside in or are headquartered in the District of Columbia," "no Plaintiff re-

sides in three of the states to which USPS would have portions of this action transferred," and a single proceeding in the District of Columbia would be more convenient. (Pls.' Opp'n at 5.) On these points of disagreement over convenience to the plaintiffs, I will defer to plaintiffs' own judgment. Defendant's stronger argument involves witness locations. Although denying defendant's motion may cause witnesses employed in non-D.C. post offices to travel to testify in D.C., transferring these claims may cause potential witnesses for both parties—including the one witness defendant has identified to date—to travel to testify in multiple jurisdictions.[4] With almost no details in the parties' motion papers regarding the identity and location of witnesses, though, a definitive finding on this argument would be premature. (Pls.' Opp'n at 6.)

Second, defendant argues that it would be at a disadvantage at trial if this Court denied its motion, because for relevant non-government employees beyond the subpoena power of this Court, the defendant would have to rely upon deposition—rather than live—testimony obtained by traveling to the witnesses' jurisdictions. (Def.'s Mem. at 5.) That argument has force. The disadvantage to the defendant is apparent, although that does not end the balancing of factors. Defendant also argues that because certain physical and documentary proof is located at regional post offices, the Court and defendant could view those properties and documents only at substantial expense and inconvenience to each. (Id. at 6.) Plaintiffs counter that "[p]ictures, maps and diagrams would serve as more than an adequate substitute

for traveling to and viewing the postal premises at issue" and, in any event, relevant substantial documentary records are "likely to be located at USPS headquarters in the District of Columbia." (Pls.' Opp'n at 7.) While it is defendant's prerogative to travel to each post office and obtain firsthand on-site evidence, defendant's desire to do this does not support its argument that transfer is necessary. Finally, the United States Postal Service will have more than adequate access to the U.S. mail system to transport documents in the most efficient and inexpensive manner available.

Third, plaintiffs—individuals, non-profit organizations and public interest groups with limited resources who are represented by counsel here on a *pro bono* basis—state that they cannot feasibly undertake the duplicative, piecemeal litigation in ten different jurisdictions that defendant now seeks. In addition, no plaintiff resides in three of the jurisdictions to which defendants would have the claims transferred, while four of the plaintiffs reside or are headquartered in D.C. Defendant has not shown that litigating one action in D.C. would inconvenience parties any more than would splitting up the claims across the country. In fact, defendant itself maintains its headquarters in D.C. where it issued and received comments on the regulation being challenged in this case. Further, the one witness whom defendant has identified thus far, Mr. Frederick J. Hintenach, works at USPS's D.C. headquarters and may have to travel to nine different jurisdictions outside of D.C. if defendant's motion is granted.

4. To the extent defendant argues that plaintiffs' projections about increased travel for USPS witnesses following severance is wholly speculative, it is no more speculative than defendant's argument that it may have to travel to take testimony from absent witnesses twice. (Def.'s Reply at 4 & n. 1.) In addition, defendant's apparent concern for plaintiffs' convenience in the event such multiple proceedings may occur, (id. at n. 1), does not support defendant's argument where deference must be given to plaintiffs' forum choice.

Finally, the record before me reveals that plaintiffs' claims arose as a result of conduct and actions that occurred principally in the District of Columbia. Plaintiffs assert that "the regulation at issue was promulgated" in the District of Columbia, where "postal policy is set" and where substantial documentary records regarding the regulation are likely to have been created and maintained. (Pls.' Opp'n at 7.) Defendant has not argued otherwise. Therefore, the substantive claims alleged in plaintiffs' complaint arose principally in D.C. The private interest considerations in this case, then, weigh against transfer.

■ Turning to the public interest considerations, this Court has, as any federal district court would have, knowledge and familiarity with the constitutional issues presented in this case. Although defendant argues that each claim focuses on "specific factual issues pertaining to specific pieces of property," and while "[t]here is a local interest in having localized controversies decided at home," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), this case involves a controversy over the constitutionality of a federal regulation that applies to every post office nationwide. It does not involve local property laws or statutes. In addition, the parties make no argument that congestion in the courts is a relevant factor in this analysis. Finally, defendant has not shown that litigating this controversy in ten different jurisdictions would promote efficiency or fairness. The public interest considerations in this case also weigh against transfer.

## CONCLUSION

Defendant has not shown that it is in the interests of justice to sever or transfer all claims relating to all post offices outside this jurisdiction. Plaintiffs' claims all raise common questions of law and will require common factual inquiries. Judicial efficiency would be best served by keeping together as many of the claims as would be fair to the parties. Even if severance of all claims were appropriate, the public and private interest considerations weigh against transferring all claims.

However, defendant makes strong arguments concerning inconvenience to possibly necessary government witnesses outside of the District of Columbia, and concerning the possible unavailability for live trial testimony of non-government witnesses residing outside the area. These concerns are exacerbated by the fact that seven of the eleven non-D.C. post offices selected by plaintiffs are in the far western United States. Therefore, counsel are directed to confer and file supplemental memoranda concerning the following two options, or others they care to suggest: (1) bifurcating proceedings whereby one group of regionally contiguous post office claims is developed and tried first, followed by the second group; or (2) severing the regionally contiguous distant post office claims to be spun off to new *pro bono* counsel in that region. Accordingly, it is hereby,

ORDERED that defendant's Motion to Sever Claims and to Transfer [29–1], [29–2] be, and hereby is, DENIED without prejudice. It is further

ORDERED that counsel file supplemental memoranda by ———, 2001.